UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPTEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1718 (HHK) |
| ) | |
| FEDERAL COMMUNICATIONS ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ANSWER TO COMPLAINT

Defendant Federal Communications Commission answers plaintiff's Complaint as follows:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over this lawsuit. No records have been improperly withheld within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 and Plaintiff lacks standing.

### Answer

Without waiving any defenses and/or objections, and in response to the numbered paragraphs in plaintiff's Complaint, defendant responds as follows:

1.  The first sentence of this paragraph contains plaintiff's characterization of his Complaint and/or conclusions of law to which no response is required. With respect to the allegations contained in the second sentence of this paragraph, defendant admits that it released

an Order *In the Matter of SBC Communications, Inc*. (19 FCC Rcd. 24014) on December 16, 2004; that Order speaks for itself.

2.  The first sentence of this paragraph contains plaintiff's characterization of his Complaint and/or conclusions of law to which no response is required. Defendant admits the allegations contained in the second sentence of this paragraph. Defendant lacks information sufficient to form a belief regarding the allegations contained in the third sentence of this paragraph.

3.  Defendant lacks information sufficient to form a belief regarding the allegations contained in the first and second sentences of this paragraph. With respect to the third sentence, defendant admits that attorney Mary C. Albert requested certain records by electronic mail dated April 4, 2005.

4.  Defendant admits the allegations contained in this paragraph.

5.  Defendant admits that Ms. Albert requested certain records from FCC via electronic mail on April 4, 2005 and that the FCC's Enforcement Bureau issued a decision regarding that request on August 5, 2005; the April 4, 2005 electronic mail and the Enforcement Bureau's FOIA decision speak for themselves.

6.  With respect to the first, second, and third sentences of this paragraph, defendant admits that SBC filed an application for review of the FCC Enforcement Bureau's August 5, 2005 FOIA decision on August 19, 2005, that plaintiff filed a response thereto on September 1, 2005, and that plaintiff filed an application for review of the FCC Enforcement Bureau's August 5, 2005 FOIA decision on September 6, 2005; those pleadings speak for themselves. Defendant admits that it has not released any records pursuant to Ms. Albert's April 4, 2005 electronic mail.

7.  The first sentence of this paragraph contains conclusions of law to which no response is required; 5 U.S.C. § 552(a)(6)(A)(ii) speaks for itself.  Defendant admits the allegations contained in the second and third sentences of this paragraph.

8.  Defendant admits the allegations contained in the first and second sentences of this paragraph.  The third sentence of this paragraph contains conclusions of law to which no response is required; 5 U.S.C. § 552(a)(6)(C)(i) speaks for itself.  The fourth sentence of this paragraph contains plaintiff's characterization of his Complaint and/or conclusions of law to which no response is required, however, defendant admits that it did not respond to plaintiff's application for review within twenty working days.  The fifth sentence of this paragraph contains plaintiff's characterization of his Complaint and/or conclusions of law to which no response is required.

9.  Defendant admits that it has not released any records in connection with Ms. Albert's April 4, 2005 electronic mail to the FCC.  Defendant admits the allegations contained in the second sentence of this paragraph.  With respect to the allegations contained in the third sentence of this paragraph, defendant admits that plaintiff's application for review has been pending for more than 292 days.

The remaining paragraphs, commencing with "WHEREFORE," are plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed necessary, defendant denies that plaintiff is entitled to any relief.  Defendant specifically denies each and every allegation of the Complaint to the extent that it is not specifically and expressly admitted herein, and further denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, defendant requests that the Complaint be dismissed with prejudice and that the Court grant such other and further relief as the Court may deem just and proper.

                                      Respectfully submitted,

                                        s/Jeffrey A. Taylor
                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                    Interim United States Attorney

                                       s/Rudolph Contreras
                                    RUDOLPH CONTRERAS, D.C. BAR # 434122
                                    Assistant United States Attorney

                                        s/Peter S. Smith
                                    PETER S. SMITH, D.C. BAR # 465131
                                    Assistant United States Attorney
                                    United States Attorney's Office
                                    Civil Division
                                    555 4th Street, N.W.
                                    Washington, D.C. 20530
                                    (202) 307-0372