**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMPTEL,<br>    1900 M Street, N.W., Suite 800<br>    Washington, D.C. 20036-3508,<br><br>        Plaintiff,<br><br>        v.<br><br>FEDERAL COMMUNICATIONS<br>COMMISSION,<br>    445 12th Street, S.W.<br>    Washington, D.C. 20554-0005,<br><br>        Defendant,<br><br>        and<br><br>AT&T INC.,<br>    1120 20th Street, N.W.<br>    Washington, D.C. 20036,<br><br>        Proposed Intervenor-Defendant. | Civil Action No. 06-01718 (HHK) |

**MOTION OF AT&T TO INTERVENE**

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, AT&T Inc. ("AT&T") hereby moves to intervene in this matter in support of defendant the Federal Communications Commission ("FCC" or "Commission").  The documents that plaintiff CompTel seeks to obtain through the Freedom of Information Act ("FOIA") belong to AT&T.  The FCC obtained those documents from AT&T in the course of a law enforcement investigation, and AT&T at all times took steps to maintain their confidentiality.  The documents at issue, moreover, contain confidential commercial information which, if disclosed, could compromise AT&T's competitive interests.  AT&T thus has an overriding interest in preventing the disclosure of those documents, which is the very object of plaintiff CompTel's complaint.

AT&T is entitled to intervene as of right, pursuant to Rule 24(a), to protect the documents at issue from disclosure. In the alternative, AT&T should be granted permissive intervention under Rule 24(b), as AT&T seeks to raise questions of law in common with issues already presented in the case, and AT&T's participation will not unduly delay the proceedings or cause prejudice to any party.

Pursuant to Local Rule 7(m), AT&T has consulted with the parties concerning this motion and is authorized to state that the motion is not opposed. In addition, pursuant to Local Rules 7(c) and 7(j), attached to this motion are a proposed order granting intervention (Attach. 1) and AT&T's proposed answer to the complaint (Attach. 2).

## BACKGROUND

1.   On August 6, 2004, AT&T (then known as SBC Communications Inc.[1]) informed the FCC that AT&T had discovered concerns regarding certain invoices related to the FCC's "Education Rate," or "E-Rate," program. The E-Rate program is the universal service mechanism designed to assist eligible schools and libraries in gaining access to telecommunications and advanced services. In its voluntary disclosure to the FCC, AT&T explained that its Connecticut subsidiary, Southern New England Telephone Company, had inadvertently submitted arguably improper invoices to the universal service fund administrator relating to services performed for the New London, Connecticut school district. At the same time as it made this voluntary disclosure, AT&T refunded all amounts collected pursuant to the invoices at issue and cancelled all outstanding invoices that raised similar concerns.

2.   In response to AT&T's disclosure, the FCC's Enforcement Bureau initiated an investigation into AT&T's compliance with the E-Rate program, which was resolved in a

---

[1] On November 21, 2005, SBC Communications Inc. completed its acquisition of AT&T Corp. The combined company is known as AT&T Inc.

consent decree entered on December 16, 2004.[2]  In the course of its investigation, the Bureau ordered AT&T to produce, and AT&T did in fact produce, a wide range of documents, including documents relating to the telecommunications products and services that AT&T's subsidiaries provide to schools and libraries in Connecticut and elsewhere, as well as documents regarding AT&T's methods for calculating and rendering invoices for those products and services.

3.      On April 4, 2005, CompTel — a trade association representing carriers that compete with AT&T — submitted a one-sentence FOIA request demanding the Enforcement Bureau's investigative file for the FCC's investigation of AT&T's E-Rate compliance.  On May 27, 2004, three days after being notified of CompTel's request, AT&T submitted a letter opposing disclosure.[3]  AT&T explained that the documents AT&T had produced to the Bureau had been "compiled for law enforcement purposes" and were protected from disclosure under FOIA's law-enforcement exemption (Exemption 7), *see* 5 U.S.C. § 552(b)(7).  AT&T also explained that the documents it had produced included competitively sensitive information that was protected from disclosure under FOIA's exemption for confidential commercial information (Exemption 4), *see id.* § 552(b)(4).  CompTel responded approximately a month later with a letter filing in which it disputed AT&T's reliance on both exemptions.[4]

4.      On August 5, 2005, the Enforcement Bureau issued a letter ruling resolving CompTel's request.[5]  The Bureau rejected AT&T's reliance on FOIA's law-enforcement

---

[2] *See* Order and Consent Decree, *SBC Communications Inc.*, 19 FCC Rcd 24014 (Enf. Bur. 2004).

[3] *See* Letter from Jim Lamoureux, SBC Services, Inc., to Judy Lancaster, Enforcement Bureau, FCC, FOIA Control No. 2005-333 (May 27, 2005).

[4] *See* Letter from Mary Albert, CompTel, to Judy Lancaster, Enforcement Bureau, FCC, FOIA Control No. 2005-333 (June 28, 2005).

[5] *See* Letter from William H. Davenport, Enforcement Bureau, FCC, to Jim Lamoureux, SBC Services, Inc., and Mary Albert, CompTel, FOIA Control No. 2005-333 (Aug. 5, 2005).

exemption on the theory that, "[g]enerally, businesses do not possess 'personal privacy' interests as required for application" of that exemption.[6] The Bureau also found, however, that portions of AT&T's documents — including in particular documents revealing AT&T's "pricing information" as well as "costs and pricing data, . . . billing and payment dates, and identifying information of [AT&T's] staff, contractors, and the representatives of its contractors and customers" — were exempt from disclosure as confidential commercial information.[7] The Bureau also concluded that documents in which Commission staff "discuss[ed] the issues and investigation" were protected from disclosure under FOIA's deliberative-privilege exemption (Exemption 5), which protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," 5 U.S.C. § 552(b)(5).[8]

5.  AT&T and CompTel each filed applications asking the FCC to review the Enforcement Bureau's decision. AT&T challenged the Bureau's decision that the law-enforcement exemption (Exemption 7) is by definition inapplicable to corporations,[9] and CompTel challenged the Bureau's application of the confidential commercial information exemption (Exemption 4) and the deliberative privilege exemption (Exemption 5).[10] Those applications for review remain pending.

---

[6] *Id.* at 6.

[7] *Id.* at 5.

[8] *See id.* at 6.

[9] *See* Letter from Jim Lamoureux, SBC Services, Inc., to Samuel Feder, Acting General Counsel, FCC, FOIA Control No. 2005-333 (Aug. 19, 2005).

[10] *See* Letter from Mary Albert, CompTel, to Samuel Feder, Acting General Counsel, FCC, FOIA Control No. 2005-333 (Sept. 6, 2005).

4

**DISCUSSION**

"Federal courts should allow intervention 'where no one would be hurt and greater justice could be attained.'" *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)). The documents at issue in this matter belong to AT&T, and it is AT&T that has the most at stake in whether those documents are disclosed. Whether evaluated under Rule 24(a) (intervention as of right) or Rule 24(b) (permissive intervention), "greater justice could be attained" by permitting AT&T to participate in the action before this Court.

**I.      AT&T IS ENTITLED TO INTERVENE AS OF RIGHT**

Under Rule 24(a), a party may intervene as of right where: (1) the application is "timely"; (2) the applicant "claims an interest relating to the property or transaction which is the subject of the action"; (3) "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) the applicant's interest is inadequately represented "by existing parties." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003); *see* Fed. R. Civ. P. 24(a). In addition, "an applicant must demonstrate that it has standing." *Appleton v. FDA*, 310 F. Supp. 2d 194, 196 (D.D.C. 2004) (citing *Jones v. Prince George's County*, 348 F.3d 1014, 1017-18 (D.C. Cir. 2003); *Fund for Animals*, 322 F.3d at 731-32)). AT&T's application satisfies each of the requirements for intervention as of right.

**A.      AT&T's Application Is Timely**

AT&T is filing this unopposed motion, along with its proposed answer, less than six weeks after the initiation of this action, and approximately one week after the FCC filed its answer. There have been no substantive developments in the case since CompTel filed its complaint. On the contrary, the Court's recent order gives the parties until December 7, 2006 —

5

more than three weeks from now — to submit a briefing schedule. *See* Order (Nov. 7, 2006). Granting AT&T party status thus would not delay the case. Because AT&T's application to intervene comes "on the heels of the case's filing" and without any intervening, material developments, it is "clearly timely." *Johnson v. City of Dallas*, 155 F.R.D. 581, 583 (N.D. Tex. 1994); *see*, *e.g.*, *Appleton*, 310 F. Supp. 2d at 197 (motions to intervene were timely filed within two months of notice of suit).

    B.  **AT&T Has a Substantial Interest in the Subject Matter of the Action**

  As noted above, the documents at the center of this case belong to AT&T. AT&T produced those documents to the FCC in connection with a law enforcement investigation; it has at all times taken steps to secure their confidentiality; and it maintains that they are exempt from disclosure under FOIA. In these circumstances — *i.e.*, where AT&T has "a legally cognizable interest in maintaining the confidentiality of the documents" that plaintiff seeks — AT&T "readily" meets Rule 24(a)'s requirement that it have an interest in the subject matter of the litigation. *In re Sealed Case*, 237 F.3d 657, 663-64 (D.C. Cir. 2001); *see United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1291 (D.C. Cir. 1980) (party opposing discovery of documents it created had an interest in subject matter for purposes of Rule 24(a)).

    C.  **The Disposition of This Case May Impair AT&T's Ability To Protect its Interest in the Subject Matter**

  For similar reasons, the disposition of this case could impair AT&T's ability to maintain the confidentiality of the documents at issue. "Once the information" included in AT&T's documents "is released, 'the cat is out of the bag,'" and AT&T's interest in the confidentiality of those documents "would be forever lost." *In re Sealed Case*, 237 F.3d at 664 (quoting *In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998)). Because such disclosure would, to put it mildly, "impair [AT&T's] ability to protect" the confidentiality of its documents, it is clear that

the disposition of the action may as a practical matter impair AT&T's confidentiality interest. *Appleton*, 310 F. Supp. 2d at 197. Nothing more is required to meet this requirement. *See id*; *see also* 7C Charles A. Wright, Arthur A. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1908, at 302 (2d ed. 1986) ("The rule is satisfied whenever disposition of the present action would put the applicant at a practical disadvantage in protecting his interest.").[11]

### D.   AT&T Is Not Adequately Represented by the Existing Parties

Finally, AT&T's interest in this litigation is not "adequately represented by existing parties." Fed. R. Civ. P. 24(a). The inadequate-representation prong of Rule 24(a) requires a "'minimal'" showing that is easily made in a FOIA action in which, as here, the party upon which the proposed intervenor must rely is the government. *Appleton*, 310 F. Supp. 2d at 197 (quoting *Fund for Animals*, 322 F.3d at 731, 735 (in turn quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972))). "In contrast to [AT&T's] interest in protecting [its]" documents from disclosure, "the plaintiff's interest lies in disclosure and [the government's] interest lies in responding appropriately to the plaintiff's request." *Id.* There is therefore a concrete possibility that AT&T's interests in preventing disclosure will diverge from the FCC's. AT&T and the FCC, in short, do not necessarily share "'the same ultimate objective,'" and their respective reasonable litigation strategies may diverge. *International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978) (quoting *Virginia v. Westinghouse Elec.*

---

[11] AT&T's interest in the confidentiality of the documents at issue, coupled with the fact that the disposition of this matter would compromise AT&T's ability to maintain that confidentiality, is sufficient to establish that AT&T has standing. *See Appleton*, 310 F. Supp. 2d at 197 ("disclosure of [applicants'] trade secrets or confidential information would cause [applicants] to suffer an injury-in-fact that intervention to defend against disclosure could redress"); *see also Fund for Animals*, 322 F.3d at 733, 735 (noting that "in many if not most cases the petitioner's standing to seek review of administrative action is self-evident," and suggesting that standing inquiry is co-extensive with inquiry into whether applicant "has an interest relating to the property or transaction which is the subject of the action") (internal quotation marks omitted).

*Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)). In these circumstances, Rule 24 requires that AT&T be permitted to intervene to defend its own interests. *See Fund for Animals*, 322 F.3d at 736 & n.9 (collecting cases).

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT PERMISSIVE INTERVENTION

Permissive intervention is authorized "[u]pon timely application . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). Whether to grant permissive intervention rests in the discretion of the court. *See Building & Constr. Trades Dep't v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994). In exercising that discretion, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). AT&T satisfies each of the requirements for permissive intervention.

*First*, as explained on pages 5-6, above, AT&T's motion is timely.

*Second*, AT&T's defense against disclosure of its documents includes questions of law in common with the main action. Although, as noted above, AT&T maintains that *all* of the documents at issue are exempt from disclosure under the law-enforcement exemption (Exemption 7), AT&T's proposed answer also raises defenses that are similar to those set out in the FCC's answer, and AT&T will seek to establish, at a minimum, that the FCC properly applied the confidential commercial information exemption (Exemption 4). The second prong of Rule 24(b) is accordingly satisfied.

*Third*, permissive intervention would not unduly delay resolution of the case or prejudice the rights of other parties. AT&T is submitting its proposed answer approximately one week after the FCC filed its answer. CompTel's FOIA challenge, moreover, is a legal challenge that will likely be resolved on the pleadings and is in any event unlikely to warrant the development

of a significant evidentiary record. In these circumstances, "there is no reason to fear 'issue proliferation,' 'confusion,' 'extra cost,' or 'an increased risk of error'" stemming from AT&T's participation in the case. *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1236 (D.C. Cir. 2004) (quoting *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 782 (D.C. Cir. 1997)).

On the other side of the coin, denial of intervention would prejudice AT&T by preventing it from defending against disclosure of confidential information included in documents that AT&T has worked diligently to protect. Permissive intervention is accordingly warranted.

## **CONCLUSION**

The Court should grant AT&T intervenor status and direct the Clerk of the Court to file AT&T's proposed answer, which is attached hereto.

        Respectfully submitted,

        /s/ Colin S. Stretch

        _____

| | |
|---|---|
| Gary L. Phillips (D.C. Bar No. 334037) | Colin S. Stretch (D.C. Bar No. 470193) |
| James P. Lamoureux (D.C. Bar No. 431631) | Kelly P. Dunbar (D.C. Bar No. 500038) |
| AT&T INC. | KELLOGG, HUBER, HANSEN, TODD, |
| 1120 20th Street, N.W. |   EVANS & FIGEL, P.L.L.C. |
| Washington, D.C. 20036 | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036 |
| | Telephone: (202) 326-7900 |
| | Facsimile: (202) 326-7999 |

        *Counsel for AT&T Inc.*

November 14, 2006

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 14th day of November, 2006, I served, via first class mail, a true and correct copy of the foregoing document to:

Mary Catherine Albert
COMPTEL
1900 M Street, N.W.
Suite 800
Washington, D.C. 20036
Tel: (202) 926-6650
malbert@comptel.org

*Counsel for CompTel*


Peter S. Smith
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530-0001
Tel: (202) 307-0372
Fax: (202) 514-8780
peter.smith@usdoj.gov

*Counsel for the Federal Communications Commission*


                                            /s/   Diane M. Cooke

**ATTACHMENT 1**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMPTEL,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL COMMUNICATIONS COMMISSION,<br><br>    Defendant. | Civil Action No. 06-01718 (HHK) |

**ORDER GRANTING UNOPPOSED MOTION TO INTERVENE**

On this day came on for consideration AT&T Inc.'s Unopposed Motion To Intervene as a Defendant, and the Court finding that this Motion should be granted, therefore,

IT IS ORDERED that AT&T Inc.'s Motion To Intervene be, and the same hereby is, GRANTED. The Clerk of the Court is directed to file the Answer lodged with AT&T Inc.'s Motion.

SIGNED this _____ day of _____, 200_.

_____
HENRY H. KENNEDY
UNITED STATES DISTRICT JUDGE

**ATTACHMENT 2**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COMPTEL,

    Plaintiff,

    v.

FEDERAL COMMUNICATIONS
COMMISSION,

    Defendant.

Civil Action No. 06-01718 (HHK)

**ANSWER OF AT&T INC.**

Defendant AT&T Inc. ("AT&T") hereby states its Answer and affirmative defenses to the Complaint filed by plaintiff CompTel. In response to the respective numbered paragraphs of the Complaint, AT&T states as follows:

1. The first sentence of paragraph 1 contains characterizations of plaintiff's Complaint to which no response is required. To the extent a response is required, AT&T denies the allegations in the first sentence of this paragraph insofar as they suggest that AT&T violated Federal Communications Commission ("FCC") rules relating to the submission of claims for and receipt of universal service support for the New London, Connecticut public schools.[1] With respect to the second sentence, AT&T admits that, on December 16, 2004, the FCC released the order and consent decree in *SBC Communications Inc.*, 19 FCC Rcd 24014, which speaks for itself.

---

[1] Paragraph 1 of the Complaint refers to "SBC Communications, Inc. ('SBC')." On November 21, 2005, SBC Communications Inc. completed its acquisition of AT&T Corp. The combined company is known as AT&T Inc. References in the Complaint to "SBC" are construed herein as references to AT&T.

2. The first sentence of paragraph 2 contains a legal conclusion to which no response is required. AT&T is without sufficient knowledge or information to respond to the allegations in the second and third sentences in this paragraph.

3. AT&T is without sufficient knowledge or information to respond to the allegations in this paragraph.

4. AT&T is without sufficient knowledge or information to respond to the allegations in this paragraph.

5. AT&T admits that CompTel requested via e-mail that the FCC provide documents relating to File No. EB-04-IH-0342 and that the Enforcement Bureau responded to that request on August 5, 2005. CompTel's request and the Enforcement Bureau's decision speak for themselves.

6. With respect to the allegations in the first, second, and third sentences of paragraph 6, AT&T admits that AT&T filed an application for review of the Enforcement Bureau's decision on August 19, 2005; that CompTel opposed that application for review on September 1, 2005; and that CompTel filed an application for review of the Enforcement Bureau's decision on September 6, 2005. AT&T further admits that AT&T opposed CompTel's application for review on September 20, 2005. AT&T is without sufficient knowledge or information to respond to the allegations in the fourth sentence of this paragraph.

7. The first sentence of paragraph 7 contains conclusions of law to which no response is required. AT&T is without sufficient knowledge or information to respond to the allegations in the second and third sentences in this paragraph.

8. AT&T admits the allegations contained in the first sentence of paragraph 8. With respect to the allegations in the second sentence of this paragraph, AT&T admits that both

AT&T and CompTel sought review of the Enforcement Bureau's decision more than 20 days ago. The remainder of this paragraph contains conclusions of law to which no response is required.

9.     AT&T is without sufficient knowledge or information to respond to the allegations in the first sentence of paragraph 9. With respect to the allegations in the second sentence of this paragraph, the referenced report speaks for itself. With respect to the allegations in the third sentence of this paragraph, AT&T admits that CompTel's and AT&T's applications for review of the Enforcement Bureau's decision have been pending for more than 292 days.

The remaining paragraphs of the Complaint constitute plaintiff's demand for relief, to which no response is required. To the extent a response is necessary, AT&T denies that plaintiff is entitled to relief. AT&T denies each allegation of the Complaint to the extent that it is not specifically admitted herein.

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The Court lacks subject matter jurisdiction over this lawsuit. No records have been improperly withheld within the meaning of the Freedom of Information Act, 5 U.S.C. § 552, and plaintiff lacks standing.

**Third Affirmative Defense**

Plaintiff's claims are barred by the doctrines of waiver, exhaustion, and estoppel.

AT&T reserves the right to assert such additional answers to plaintiff's allegations and such additional affirmative defenses as may become appropriate during the further course of this action.

WHEREFORE, AT&T requests that judgment be entered:

(A)  Dismissing the Complaint in its entirety, with prejudice;

(B)  Awarding AT&T the costs and disbursements of this action; and

(C)  Awarding AT&T such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        /s/ Colin S. Stretch

| | |
|---|---|
| Gary L. Phillips (D.C. Bar No. 334037) | Colin S. Stretch (D.C. Bar No. 470193) |
| James P. Lamoureux (D.C. Bar No. 431631) | Kelly P. Dunbar (D.C. Bar No. 500038) |
| AT&T INC. | KELLOGG, HUBER, HANSEN, TODD, |
| 1120 20th Street, N.W. |   EVANS & FIGEL, P.L.L.C. |
| Washington, D.C. 20036 | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036 |
| | Telephone: (202) 326-7900 |
| | Facsimile: (202) 326-7999 |

*Counsel for AT&T Inc.*

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPTEL,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL COMMUNICATIONS COMMISSION,<br><br>    Defendant. | Civil Action No. 06-01718 (HHK) |

**CORPORATE DISCLOSURE CERTIFICATE**

Pursuant to Local Rule 7.1, I, the undersigned, counsel of record for AT&T Inc., certifies that to the best of my knowledge and belief AT&T Inc. has no parent corporation and no publicly held company owns 10% or more of AT&T Inc.'s stock.

                                              Respectfully submitted,

                                              /s/ Colin S. Stretch

| | |
|---|---|
| Gary L. Phillips (D.C. Bar No. 334037)<br>James P. Lamoureux (D.C. Bar No. 431631)<br>AT&T INC.<br>1120 20th Street, N.W.<br>Washington, D.C. 20036 | Colin S. Stretch (D.C. Bar No. 470193)<br>Kelly P. Dunbar (D.C. Bar No. 500038)<br>KELLOGG, HUBER, HANSEN, TODD,<br>  EVANS & FIGEL, P.L.L.C.<br>1615 M Street, N.W., Suite 400<br>Washington, D.C. 20036<br>Telephone: (202) 326-7900<br>Facsimile: (202) 326-7999 |

*Counsel for AT&T Inc.*

November 14, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November, 2006, I served, via first-class mail, a true and correct copy of the foregoing document to:

Mary Catherine Albert
COMPTEL
1900 M Street, N.W.
Suite 800
Washington, D.C. 20036
Tel: (202) 926-6650
malbert@comptel.org

*Counsel for CompTel*


Peter S. Smith
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530-0001
Tel: (202) 307-0372
Fax: (202) 514-8780
peter.smith@usdoj.gov

*Counsel for the Federal Communications Commission*


/s/  Diane M. Cooke