**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMPTEL,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL COMMUNICATIONS COMMISSION,<br><br>    Defendant. | Civil Action No. 06-01718 (HHK) |

**ANSWER OF AT&T INC.**

Defendant AT&T Inc. ("AT&T") hereby states its Answer and affirmative defenses to the Complaint filed by plaintiff CompTel. In response to the respective numbered paragraphs of the Complaint, AT&T states as follows:

1.    The first sentence of paragraph 1 contains characterizations of plaintiff's Complaint to which no response is required. To the extent a response is required, AT&T denies the allegations in the first sentence of this paragraph insofar as they suggest that AT&T violated Federal Communications Commission ("FCC") rules relating to the submission of claims for and receipt of universal service support for the New London, Connecticut public schools.[1] With respect to the second sentence, AT&T admits that, on December 16, 2004, the FCC released the order and consent decree in *SBC Communications Inc.*, 19 FCC Rcd 24014, which speaks for itself.

---

[1] Paragraph 1 of the Complaint refers to "SBC Communications, Inc. ('SBC')." On November 21, 2005, SBC Communications Inc. completed its acquisition of AT&T Corp. The combined company is known as AT&T Inc. References in the Complaint to "SBC" are construed herein as references to AT&T.

2. The first sentence of paragraph 2 contains a legal conclusion to which no response is required. AT&T is without sufficient knowledge or information to respond to the allegations in the second and third sentences in this paragraph.

3. AT&T is without sufficient knowledge or information to respond to the allegations in this paragraph.

4. AT&T is without sufficient knowledge or information to respond to the allegations in this paragraph.

5. AT&T admits that CompTel requested via e-mail that the FCC provide documents relating to File No. EB-04-IH-0342 and that the Enforcement Bureau responded to that request on August 5, 2005. CompTel's request and the Enforcement Bureau's decision speak for themselves.

6. With respect to the allegations in the first, second, and third sentences of paragraph 6, AT&T admits that AT&T filed an application for review of the Enforcement Bureau's decision on August 19, 2005; that CompTel opposed that application for review on September 1, 2005; and that CompTel filed an application for review of the Enforcement Bureau's decision on September 6, 2005. AT&T further admits that AT&T opposed CompTel's application for review on September 20, 2005. AT&T is without sufficient knowledge or information to respond to the allegations in the fourth sentence of this paragraph.

7. The first sentence of paragraph 7 contains conclusions of law to which no response is required. AT&T is without sufficient knowledge or information to respond to the allegations in the second and third sentences in this paragraph.

8. AT&T admits the allegations contained in the first sentence of paragraph 8. With respect to the allegations in the second sentence of this paragraph, AT&T admits that both

AT&T and CompTel sought review of the Enforcement Bureau's decision more than 20 days ago.  The remainder of this paragraph contains conclusions of law to which no response is required.

9.  AT&T is without sufficient knowledge or information to respond to the allegations in the first sentence of paragraph 9.  With respect to the allegations in the second sentence of this paragraph, the referenced report speaks for itself.  With respect to the allegations in the third sentence of this paragraph, AT&T admits that CompTel's and AT&T's applications for review of the Enforcement Bureau's decision have been pending for more than 292 days.

The remaining paragraphs of the Complaint constitute plaintiff's demand for relief, to which no response is required.  To the extent a response is necessary, AT&T denies that plaintiff is entitled to relief.  AT&T denies each allegation of the Complaint to the extent that it is not specifically admitted herein.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over this lawsuit.  No records have been improperly withheld within the meaning of the Freedom of Information Act, 5 U.S.C. § 552, and plaintiff lacks standing.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, exhaustion, and estoppel.

AT&T reserves the right to assert such additional answers to plaintiff's allegations and such additional affirmative defenses as may become appropriate during the further course of this action.

WHEREFORE, AT&T requests that judgment be entered:

(A)  Dismissing the Complaint in its entirety, with prejudice;

(B)  Awarding AT&T the costs and disbursements of this action; and

(C)  Awarding AT&T such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Colin S. Stretch

_____

| | |
|---|---|
| Gary L. Phillips (D.C. Bar No. 334037) | Colin S. Stretch (D.C. Bar No. 470193) |
| James P. Lamoureux (D.C. Bar No. 431631) | Kelly P. Dunbar (D.C. Bar No. 500038) |
| AT&T INC. | KELLOGG, HUBER, HANSEN, TODD, |
| 1120 20th Street, N.W. | EVANS & FIGEL, P.L.L.C. |
| Washington, D.C. 20036 | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036 |
| | Telephone: (202) 326-7900 |
| | Facsimile: (202) 326-7999 |

*Counsel for AT&T Inc.*

4