UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **COMPTEL,**<br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>**FEDERAL COMMUNICATIONS COMMISSION,**<br>　　　　　　　Defendant. | Civil Action 06-01718  (HHK) |

**MEMORANDUM OPINION AND ORDER**

By this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq.*, plaintiff Comptel seeks to compel defendant Federal Communications Commission ("FCC") to disclose records contained in FCC File No. EB-04-1H-0342, maintained by the FCC in connection with its investigation into whether SBC (hereinafter "AT&T"), violated FCC rules and orders regarding the E-Rate program.[1]  AT&T has intervened in this action as a defendant. Before the court are all parties' cross-motions for summary judgment [## 19, 20, 21].  Upon consideration of the motions, the oppositions thereto, and the summary judgment record, the court concludes that this action must be stayed and the motions denied with leave to re-file once the stay is lifted.

**I.  BACKGROUND**

Comptel submitted a FOIA request to the FCC seeking "[a]ll pleadings and correspondence contained in File No. EB-04-IH-0342." Pl.'s Stmt. of Mat. Facts as to Which There Is No Gen. Disp. Ex. A.  The request was referred to the Investigations and Hearings

---

[1] The E-Rate program provides discounts to schools and libraries for certain telecommunications and related services.

Division of the FCC Enforcement Bureau for response. AT&T submitted a letter to the Enforcement Bureau opposing disclosure of the documents, asserting that the documents were protected from disclosure pursuant to FOIA Exemptions 7(C) and 4. Comptel, in turn, submitted a letter to the Enforcement Bureau responding to AT&T's opposition. The Enforcement Bureau then granted in part, and denied in part, Comptel's FOIA request. The Enforcement Bureau concluded that while several documents should be released to Comptel, other documents should be withheld in whole or in part pursuant to Exemptions 4, 5, and 7(C).[2]

Both Comptel and AT&T were dissatisfied with the Enforcement Bureau's decision and each appealed the decision to the FCC's General Counsel. In its appeal, Comptel asserted that the Enforcement Bureau wrongly applied Exemptions 4 and 5.[3] AT&T, in turn, asserted that Exemption 7(C) protects the documents, in their entirety, from disclosure and thus Comptel is not entitled to any of them.[4]

The FCC did not act on Comptel's appeal within the twenty-day period mandated under FOIA. 5 U.S.C. § 552(a)(6)(A)(ii). Accordingly, Comptel brought this action seeking judicial review of the Enforcement Bureau's decision. AT&T then intervened as a defendant despite its pending appeal before the FCC, and all parties cross-moved for summary judgment.

---

[2] The Enforcement Bureau's decision cited only Exemptions 4, 5, and 7(C). However, in its motion for summary judgment, the FCC erroneously contends that the Enforcement Bureau also cited Exemption 6.

[3] Comptel did not contest the Enforcement Bureau's conclusion that Exemption 7(C) requires some of the documents or portions thereof to be withheld.

[4] While AT&T contended that all the documents should be withheld, it did not object to the withholdings and redactions proposed by the Enforcement Bureau under Exemptions 4, 5, and 7(C).

In its summary judgment papers, Comptel repeats its assertion that the Enforcement Bureau wrongly applied Exemptions 4 and 5 and thus it is entitled to the release of many of the withheld documents. In its summary judgment papers, AT&T contends that Comptel is not entitled to any documents because Exemption 7(C) protects all of the documents from disclosure. AT&T alternatively contends that the Enforcement Bureau correctly applied Exemption 4.[5]

## II. ANALYSIS

As a threshold matter, Comptel asserts that the court cannot consider AT&T's claim that Exemption 7(C) protects the documents from disclosure because there has not yet been a final agency action on AT&T's appeal to the FCC General Counsel. Comptel contends that, while FOIA allows Comptel the right to seek judicial review of the Enforcement Bureau's decision despite the pendency of its intra-agency appeal, FOIA does not afford AT&T the same right because AT&T did not request any documents pursuant to FOIA. According to Comptel, AT&T can seek judicial review of the Enforcement Bureau's decision only under the Administrative Procedures Act ("APA"), which requires a final agency action prior to such review. Comptel argues that because AT&T's appeal is still pending, there has not been any final agency action.

AT&T rejoins that, by virtue of its status as an intervenor-defendant, it is not asserting any claims against the FCC in this court. AT&T contends that it is merely assisting the FCC's defense by providing arguments as to why Comptel is not entitled to documents from the FCC.

AT&T's position is without merit. Comptel correctly asserts that, even though AT&T is an intervenor-defendant, AT&T is asserting a claim against the FCC. AT&T contends just as

---

[5] In its summary judgment papers, the FCC seeks to uphold the Enforcement Bureau's decision.

3

much in its motion for summary judgment when it asserts that, if the FCC discloses AT&T's documents, the FCC will "violate FCC regulations and [the disclosure] would thus be unlawful." AT&T M. Sum. J. 22.  For the court to consider only the fact that AT&T is an intervenor-defendant would improperly elevate form over substance.

Accordingly, AT&T has functionally instigated a "reverse FOIA" claim despite its status as an intervenor-defendant.  A "reverse FOIA" claim is one in which a party seeks to compel an agency to *withhold* documents.  *See Chrysler Corp. v. Brown*, 441 U.S. 281, 285 (1979).  This contrasts with the usual FOIA claim in which a party seeks to compel an agency to *disclose* documents.  *Id.* at 292-93.  Because FOIA is solely a disclosure statute, it "only provides a cause of action to compel disclosure, but not an action to prohibit disclosure." *Tripp v. Dep't of Defense*, 193 F. Supp. 2d 229, 238 (D.D.C. 2002).  Accordingly, a reverse FOIA claim must be brought pursuant to the APA and not FOIA.  *Chrysler Corp.*, 441 U.S. at 290-94.  Therefore, AT&T must bring its Exemption 7(C) claim pursuant to the APA.

Pursuant to the APA, a party can seek judicial review only of a "final agency action."  5 U.S.C.§ 704.[6]  Comptel is correct in arguing that the Enforcement Bureau's decision not to disclose the documents is not "final" because it is subject to reversal via the pending administrative appeal.  *See* 47 C.F.R. §§ 0.461(i)-(j) (setting forth intra-agency appeals procedure).  An agency action is considered "final" when it marks the termination of an agency's decision-making process and it determines rights or obligations from which legal obligations will flow.  *Ctr for Auto Safety v. NHTSA*, 452 F.3d 798, 806 (D.C. Cir. 2006).  An agency action is

---

[6] A party must show that the final agency action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

not final when a challenging party retains an "opportunity to convince the agency to change its mind." *Ciba-Geigy Corp. v. EPA,* 801 F.2d 430, 436 (D.C. Cir 1986).  AT&T may be able to convince the FCC General Counsel that Exemption 7(C) requires that all documents in the investigative file be withheld.  *See Beverly Enterprises, Inc. v. Herman*, 50 F. Supp. 2d 7, 12 (D.D.C. 1999) (finding that there was no final agency action when challenging party still had appeal pending before an administrative law judge).  Because the FCC's decision on Comptel's FOIA request is not yet final, AT&T cannot now seek judicial review of the Enforcement Bureau's decision.[7]

The fact that Comptel can seek judicial review of the Enforcement Bureau's decision does not mean that AT&T can seek judicial review.[8]  The D.C. Circuit has held that "finality with respect to agency action is a party-based concept" and a "single agency action may be final for one party, yet nonfinal for another." *ICG Concerned Workers Assoc. v. ICC*, 888 F.2d 1455, 1457 (D.C. Cir. 1989) (*quoting West Penn Power Co. v. EPA*, 860 F.2d 581, 586 (3d Cir. 1988)).  That is, the ability of one party to an agency action to seek judicial review does not mean that *every* party to the agency action has the ability to seek judicial review of that same action.

---

[7] Comptel also asserts that because there has not yet been a "final agency action," this court has no jurisdiction over AT&T's claim.  This is incorrect.  The D.C. Circuit has made clear that the APA is not a jurisdictional statute and thus "the requirement of final agency action is not jurisdictional." *Ctr. For Auto Safety v. NHTSA*, 452 F.3d 798, 805 (D.C. Cir. 2006) (*quoting Reliable Auto. Sprinker Co. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003)).

[8] FOIA provides a party with the right to seek judicial review of an agency's decision on a FOIA request – even when there is a pending intra-agency appeal – when the agency fails to resolve the appeal within twenty working days. 5 U.S.C. § 552(a)(6)(A)(ii).  Here, the FCC failed to act on Comptel's application for review of the Enforcement Bureau's decision for over a year – well beyond the statutorily-mandated twenty days.

While the court can rule on Comptel's motion for summary judgment,[9] interests of judicial economy and efficiency dictate that the court deny the motions for summary judgment and *sua sponte* stay the action until the FCC rules on AT&T's appeal.[10]  *See Metropolitan Life Ins. Co. v. W.J. Usery*, 426 F. Supp. 150, 155 (D.D.C. 1976) (staying proceedings in reverse FOIA action until final agency decision).  The FCC has indicated that it will not release any records to Comptel until the court resolves any dispositive motion before the court.  Because the court cannot, for the reasons discussed *supra*, address the issues raised by AT&T, a stay promotes judicial efficiency and economy by permitting the court to simultaneously address the issues raised by Comptel, AT&T, and the FCC at a future time.

This stay is without prejudice to the parties' right to re-file their motions for summary judgment after there is a final agency action on AT&T's intra-agency appeal.

---

[9]  The court can also rule on the FCC's motion for summary judgment.

[10]  In *ICG Concerned Workers,* the D.C. Circuit permitted simultaneous proceedings to take place before an agency and a court to ensure that one party's entitlement to judicial review of agency action is not effectively overruled by another party's choice to seek administrative reconsideration of the same agency action. 888 F.2d at 1458.  However, the court is hesitant to permit Comptel's ability to seek judicial review to prejudice AT&T's interest in the documents.  Furthermore, there is no reason to believe that awaiting resolution of AT&T's intra-agency appeal will prejudice Comptel.

## III.  CONCLUSION

For the foregoing reasons, it is this 5th day of March, 2008 hereby

**ORDERED** that this action is **STAYED** until there is a final agency action on AT&T's intra-agency appeal; and it is further

**ORDERED** that all parties' motions for summary judgment [## 19, 20, 21] are **DENIED** without prejudice to their right to re-file once the stay is lifted.

Henry H. Kennedy, Jr.
United States District Court Judge
