UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPTEL, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 06CV01718 (HHK) |
| | ) |
| v. | ) |
| | ) |
| Federal Communications Commission, | ) |
| | ) |
| Defendant. | ) |

## COMPTEL'S MOTION FOR AN ORDER DIRECTING THE FCC TO ISSUE A DECISION WITHIN 30 DAYS

Plaintiff COMPTEL, through counsel, hereby respectfully requests that the Court issue an order directing Defendant Federal Communications Commission ("FCC") to release a decision within 30 days on Intervenor AT&T's application for review of the Enforcement Bureau's decision on COMPTEL's Freedom of Information Act ("FOIA") request that is the subject of this litigation. Without such an order, the FCC will be able to avoid judicial review by continuing to refrain from taking any action on the application for review as it has done for the last two and one-half years.

In its March 5, 2008 Memorandum Opinion and Order, the Court stayed this action pending "final [FCC] action on AT&T's intra-agency appeal."[1] AT&T's intra-agency appeal has been pending at the FCC since August 19, 2005, over two and one half years beyond the 20 day time limit for acting on administrative appeals prescribed by Section 552(a)(6)(A)(ii) of FOIA, 5 U.S.C. §552(a)(6)(A)(ii). Although neither AT&T

---

[1]  Memorandum Opinion and Order at 7.

nor the FCC requested a stay and the Court found that it could rule on both COMPTEL's and the FCC's summary judgment motions,[2] the Court determined that "interests of judicial economy and efficiency dictate that the court deny the motions for summary judgment and *sua sponte* stay the action until the FCC rules on AT&T's appeal"[3] due to AT&T's inability to obtain judicial review of its reverse FOIA claims until the FCC rules.

The Court imposed no time constraints on the FCC to issue a decision on AT&T's appeal. This omission in effect will allow the FCC to defer indefinitely any final resolution of COMPTEL's FOIA request in clear contravention of the statute. Section 552(a)(6)(C)(i) of FOIA permits a court to allow an agency additional time to complete its review of the records that are the subject of a request where the "government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request." In *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), the D.C. Circuit found that Section 552(a)(6)(C) is a safety valve to be opened by a court only "after an objective evaluation of the exceptional circumstances and a showing of due diligence by the agency."[4] The D.C. Circuit interpreted Section 552(a)(6)(C) to mean

> that "exceptional circumstances" exist when an agency . . . is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of Subsection 6(A), and when the agency can show that it "is exercising due diligence" in processing the requests. In such

---

[2]     *Id.* at 6.

[3]     *Id.* at 5, 6.

[4]     547 F.2d 605, n. 12.

situation, in the language of Subsection 6(C), "the court may retain jurisdiction and allow the agency additional time to complete its review of the records."[5]

According to the FCC's Freedom of Information Act Annual Reports for Fiscal Years ("FY") 2006 and 2007,[6] no such "exceptional circumstances" exist. In its FY 2006 Report, the FCC described its progress on the resolution of the AT&T and COMPTEL applications for review as follows:

> In the FCC's Report under the Executive Order, the Commission indicated it would attempt to resolve all pending FOIA applications for review that were more than one year old by December 31, 2006.[7] Decisions on applications for review must be presented to the full multi-member Commission for a vote. The Commission has resolved all but two FOIA proceedings that were filed more than one year before December 31, 2006. . . . The other involves two applications for review consolidated into one proceeding for disposition, and one of the requesters has filed a complaint in court for release of the records. *The Commission is diligently working to resolve these pending matters.*[8]

The FCC did not resolve the AT&T or COMPTEL applications for review by December 31, 2006 nor has it resolved them to date. Nonetheless, in its 2007 Annual Report, the FCC represented that it *had* in fact resolved all pending applications for review that were more than one year old:

> During FY 2007, the FCC met its commitment to ensure that 85% of the FOIA requests filed with the agency were processed within the statutory time permitted, the permitted extensions under the statute, or the time agreed to by the requester. *Also during FY 2007, the FCC fulfilled its commitment to resolve all pending*

---

[5]    547 F. 2d at 616.

[6]    Section 552(e) of FOIA requires the FCC to prepare these reports and submit them to the Attorney General. 5 U.S.C. §552(e).

[7]    AT&T's and COMPTEL's applications for review were filed in August and September 2005, respectively, and clearly were more than one year old by December 31, 2006.

[8]    Federal Communications Commission Freedom of Information Act Annual Report Fiscal Year 2006 (October 1, 2005 to September 30, 2006) at 9, Section XII C (emphasis added). A copy of the Report is attached hereto as Exhibit A.

*applications for review (appeals) that were more than one year old. . . .*[9] The FCC continues to work to ensure that it timely processes all initial FOIA requests and applications for review.

The FCC has apparently closed the books on the AT&T and COMPTEL applications for review. In a letter to the Chairman of the President's Management Council of the Office of Management and Budget dated July 30, 2007, the FCC disclaimed any intent to resolve the applications for review due to the instant litigation:

> At the time the FCC's FY06 Annual Report was filed, there were two FOIA applications for review proceedings more than one year old (one involving three applications for review by the same requester, and the other involving two applications for review consolidated for disposition) pending at the FCC. The FY06 Annual Report indicated that the FCC was working to resolve the pending applications for review.
>
> * * *
>
> The FCC reached a decision on the three consolidated applications for review on March 31, 2007. The other consolidated two applications for review are the subject of a complaint pending before the United States District Court for the District of Columbia. The matter has been fully briefed before the court, and because the matter is within the court's jurisdiction, *we believe that no further administrative action by the FCC is appropriate.*
>
> * * *
>
> The FCC is now promptly processing FOIA applications for review so that no backlog develops.[10]

In the absence of an order compelling the FCC to take action on the AT&T application for review by a specific deadline, there is no reason to believe that the FCC

---

[9]     Federal Communications Commission Freedom of Information Act Annual Report Fiscal Year 2007 (October 1, 2006 to September 30, 2007) at 8, Section XII B (emphasis added). A copy of the Report is attached hereto as Exhibit B.

[10]     Letter from Samuel Feder, General Counsel and Chief FOIA Officer, FCC to Clay Johnson, III, Chairman, President's Management Council, Office of Management and Budget, dated July 7, 2007, at 1. A copy of the letter is attached hereto as Exhibit C.

will act promptly or at all. Despite the FCC's representation in its FY 2006 FOIA Report that it was "diligently working" to resolve the AT&T and COMPTEL applications for review and its reference to COMPTEL's FOIA complaint, it reported one year later that it had resolved all pending applications for review (appeals), even though the AT&T and COMPTEL applications for review remain unresolved. The FCC's unilateral determination that no further administrative action is "appropriate" on the applications for review demonstrates that it has no plans to issue a decision so long as the Court retains jurisdiction.

There is nothing in the language of FOIA that permits an agency to abdicate its obligation to resolve an appeal of a FOIA request simply because the requester has filed suit to enforce its rights under the statute. Yet, that is exactly what the FCC has done here. The Court's conclusion that there is no reason to believe that COMPTEL will be prejudiced by the further delay involved in awaiting FCC resolution of AT&T's appeal[11] is incorrect. As this Court has previously determined "delay in complying with FOIA requests is 'tantamount to denial.'" *Electronic Privacy Information Center v. Department of Justice,* 416 F. Supp. 30, 40 (D.D.C. 2006). COMPTEL made its FOIA request on April 4, 2005, but to date has received no responsive documents.[12] The

---

[11]     Memorandum Opinion and Order at n. 10.

[12]     Significantly, the FCC has failed to release even the non-AT&T documents that it admits are responsive to COMPTEL's request, not exempt from disclosure and not the subject of AT&T's application for review. See Declaration of Judy Lancaster dated February 12, 2007 at ¶¶32-33, submitted with Defendant's Motion for Summary Judgment and Supplemental Declaration of Judy Lancaster dated April 13, 2007 at ¶ 3, submitted with Defendant's Memorandum in Opposition to Plaintiff COMPTEL's Motion for Summary Judgment and Response to Intervenor AT&T's Motion for Summary Judgment. Although Section 552(a)(6)(C)(i) of FOIA requires the FCC to

applications for review have been pending at the FCC since August and September 2005 with no action. COMPTEL filed its complaint with this Court to enforce its rights under FOIA in October 2006. The FCC has now determined that the applications for review are no longer pending and has stated that it will take no action on them because of this litigation. In light of the Court's stay, COMPTEL's statutory right to judicial review is for all practical purposes nullified so long as the Court allows the FCC to continue to defer any action on AT&T's application for review while the Court retains jurisdiction. The FCC is obviously in no hurry to resolve this matter. Unless the Court compels the FCC to issue a decision within a reasonable time (and certainly no longer than 30 days), the FCC will be able to avoid judicial review altogether simply by not issuing a decision. Such a result is totally antithetical to the FOIA and to the Court's obligation to ensure that the FCC complies with its terms.[13]

The D.C. Circuit has made clear that "FOIA imposes no limits on courts' equitable powers in enforcing its terms."[14] The FCC has now had 31 months to resolve a matter that should have been completed in 20 days. The FCC's unreasonable delay in resolving the applications for review violates both the intent and purpose of FOIA. An order directing the FCC to issue a decision on AT&T's application for review within 30 days is necessary to prevent further abuse of the statute.[15]

---

make such responsive documents "promptly" available, the FCC continues to wrongfully withhold them.

[13]    *Electronic Privacy Information Center v. Department of Justice,* 416 F. Supp. at 37-38.

[14]    *Payne Enterprises, Inc. v. U.S.,* 837 F.2d 486, 494 (D.C.Cir. 1988).

[15]    *Id.* (unreasonable delays in acting on FOIA requests violate the intent and purpose of FOIA and the courts have a duty to prevent these abuses). *See Electronic Privacy*

For the forgoing reasons, COMPTEL respectfully requests that the Court issue an order directing the FCC to resolve AT&T's application for review and issue a decision within 30 days.

March 10, 2008

Respectfully submitted,

Mary C. Albert, DC Bar #347617
COMPTEL
900 17th Street N.W., Suite 400
Washington, D.C. 20006
(202) 296-6650
malbert@comptel.org

_Information Center v. Department of Justice,_ 416 F. Supp. at 42 (ordering DOJ to complete processing of FOIA request in 20 days); _Aguilera v. FBI_, 941 F. Supp. 144, 152-53 (D.C.Cir. 1996) (ordering government to complete processing of FOIA request within one month).

# Exhibit A

**FEDERAL COMMUNICATIONS COMMISSION**
**FREEDOM OF INFORMATION ACT ANNUAL REPORT**
**FISCAL YEAR 2006**
**(October 1, 2005 to September 30, 2006)**

I. *Basic Information Regarding Report.*

    **A.** The Commission's contact person for questions about this report is Shoko B. Hair, Office of the Managing Director, Federal Communications Commission, Room 1-A827, 445 12th Street, S.W., Washington, D.C. 20554; Tel:  202-418-0440, Fax 202-418-0521; e-mail shoko.hair@fcc.gov.

    **B.** Electronic address for this report on the Commission's World Wide Web site: www.fcc.gov/foia/

    **C.** Paper copies can be requested from the person/address listed above.

II. *How to Make a FOIA Request.*

    **A.** To make a FOIA request pursuant to 47 C.F.R. § 0.461, you have several options: you may fill out the Electronic FOIA (E-FOIA) Request Form on the FCC's FOIA homepage, www.fcc.gov/foia/; you may e-mail your FOIA request to us at foia@fcc.gov; you may send your FOIA request by facsimile at (202) 418-0521; or you may mail an original and two copies of your request to Managing Director, Attention:  FOIA Officer, Federal Communications Commission, 445 12th Street, SW, Room 1-A834, Washington, D.C. 20554.  You should caption your request as "Freedom of Information Request," date your request, give us your telephone number and mailing address, and provide as much information as possible which can assist us in identifying and locating each document you are seeking.  It is important that you include your telephone number so that our staff can contact you if they have questions.  You are required to specify the maximum search fee that you are prepared to pay for this request. Also, please write "Freedom of Information Request" on the envelope.  If you have any questions about how to file a FOIA request, contact us at (202) 418-0212 or fax your inquiry to us at (202) 418-0521.

    Appeals should be submitted to Sam Feder, General Counsel, Office of General Counsel, Room 8-C750, Federal Communications Commission, 445 12th Street, SW, Washington, D.C. 20554.   The application for review and the envelope containing it should be captioned "Review of Freedom of Information Action."  A copy should also be served on the person (if any) who originally submitted the materials to the Commission.

    **B.** The average response time range for initial requests in FY-2006 was within 20 days or permissible time extensions thereto.  The average response time in FY-2006 for Commission appeals was 338 days.

C.    Requests that are denied or partially denied usually fall under Exemptions 5, 6 and 7. The type of information most often withheld involves certain interagency and intra-agency predecisional deliberative communications (Exemption 5), information deemed an unwarranted invasion of personal privacy (Exemption 6) and law enforcement type records (Exemption 7).

## III. *Definitions of Terms and Acronyms Used in this Report.*

A.    Agency-specific acronyms or other terms.

B.    Basic terms, expressed in common terminology.

1.    FOIA/PA Request – Freedom of Information Act/Privacy Act request. A FOIA request is generally a request for disclosure of records concerning a third party, an organization or particular topic of interest. A Privacy Act request is a request for records covered by that Act concerning oneself; such requests are also treated as FOIA requests. (All requests for records, regardless of which law is cited by the requester, are included in this report).

2.    Initial Request – a request to FCC for records under the Freedom of Information Act.

3.    Appeal – a request to FCC asking that it review at a higher administrative level a full denial or partial denial of a FOIA request, or any other FOIA determination, such as a matter pertaining to fees.

4.    Processed Request or Appeal – a request or appeal for which FCC has taken a final action on the request or the appeal in all respects.

5.    Multi-track Processing – the Commission does not utilize this system as the requests are forwarded to the appropriate Bureau or Office within the agency. If a requester has an urgent need for records, he or she may request expedited processing.

6.    Expedited Processing – FCC will process a FOIA request on an expedited basis when a requester has shown an exceptional need or urgency for the records which warrants prioritization of his or her request over other requests that were made earlier.

7.    Simple Request – N/A, as FCC does not maintain a multi-track processing.

8.    Complex Request – N/A, as FCC does not maintain a multi-track processing. We do, however, inform requesters concerning the agency's

progress in locating requested records. Sometimes a requester is asked if the request can be narrowed, or whether additional information can be provided to assist in locating requested records.

9. <u>Grant</u> – FCC decision to disclose all records in full in response to a FOIA request.

10. <u>Partial Grant</u> – FCC decision to disclose a record in part in response to a FOIA request, deleting information determined to be exempt under one or more of the FOIA exemptions; or a decisions to disclose some records in their entireties, but to withhold others in whole or in part.

11. <u>Denial</u> – FCC decision not to release any part of a record or records in response to a FOIA request because all of the information in the requested records is determined by FCC to be exempt under one or more of the FOIA exemptions.

12. <u>Time Limits</u> – the time period in the Freedom of Information Act for a Federal agency to respond to a FOIA request. For an initial FOIA request, an agency has 20 working days from proper receipt of a "perfected" FOIA request. This period may be extended by 10 working days.

13. <u>"Perfected" Request</u> – a FOIA request for records which adequately describes the records sought, which has been received by FCC's FOIA Office, and for which there is no remaining question about the payment of applicable fees.

14. <u>Exemption 3 Statute</u> – a Federal statute separate from FOIA prohibiting the disclosure of a certain type of information and authorizing its withholding under FOIA subsection (b)(3).

15. <u>Median Number</u> – the middle, not average, number.

16. <u>Average Number</u> – the number of obtained by dividing the sum of a group of numbers by the quantity of numbers in the group.

17. <u>Working Days</u> – days, excepting Saturdays, Sundays and legal public holidays.

18. <u>Records Destroyed</u> – when records are disposed of in accordance with agency's record retention schedule.

19. <u>Dismissed</u> – application for review dismissed on procedural grounds.

**IV. *Exemption 3 Statutes.***

**A.** List of Exemption 3 statutes relied on by the agency during the current fiscal year: None.

**V.** *Initial FOIA/PA Access Requests.*

    **A. Number of initial requests.**

        1. Number of requests pending as of end of preceding fiscal year:  32

        2. Number of requests received during current fiscal year:      549

        3. Number of requests processed during current fiscal year:      530

        4. Number of requests pending as of end of current fiscal year:     51

    **B. Disposition of Initial Requests.**

        1. Number of total grants:           187

        2. Number of partial grants:         122

        3. Number of denials:                28

            a. number of times each FOIA exemption used (counting each exemption once per request):

| | |
|---|---|
| (1) Exemption 1: | 1 |
| (2) Exemption 2: | 8 |
| (3) Exemption 3: | 0 |
| (4) Exemption 4: | 12 |
| (5) Exemption 5: | 30 |
| (6) Exemption 6: | 95 |
| (7) Exemption 7(A): | 22 |
| (8) Exemption 7(B): | 0 |
| (9) Exemption 7(C): | 59 |
| (10) Exemption 7(D): | 2 |
| (11) Exemption 7(E): | 12 |
| (12) Exemption 7(F): | 0 |
| (13) Exemption 8: | 0 |
| (14) Exemption 9: | 0 |

            4. Other reasons for nondisclosure (total):   193

| | |
|---|---|
| a. no records: | 58 |
| b. referrals: | 2 |
| c. request withdrawn: | 61 |
| d. fee-related reason: | 5 |

e. records not reasonably described:   27
f. not a proper FOIA request for some other reason:  7
g. not an agency record:                              32
h. duplicate request:                                  0
i. other (records routinely available):                1

## VI. *Appeals of Initial Denials of FOIA/PA Requests.*

### A. Number of appeals:

1. Number of appeals received during fiscal year:        16

2. Number of appeals processed during fiscal year:       15

### B. Disposition of appeals:

1. Number completely upheld:         3

2. Number partially reversed:        4

3. Number completely reversed:       0

   **a.** number of times each FOIA exemption used (counting each exemption once per appeal):  7

   (1) Exemption 1:                0
   (2) Exemption 2:                0
   (3) Exemption 3:                0
   (4) Exemption 4:                1
   (5) Exemption 5:                4
   (6) Exemption 6:                0
   (7) Exemption 7(A):             1
   (8) Exemption 7(B):             0
   (9) Exemption 7(C):             0
   (10) Exemption 7(D):            1
   (11) Exemption 7(E):            0
   (12) Exemption 7(F):            0
   (13) Exemption 8:               0
   (14) Exemption 9:               0

   **4.** Other reasons for nondisclosure (total):  8
   a. no records:                       1
   b. referrals:                        0
   c. request withdrawn:                6
   d. fee-related reason:               1
   e. records not reasonably described:  0

5

f. not a proper FOIA request for some other reason: 0
g. not an agency record:                                         0
h. duplicate request:                                            0
i. other (specify): judicial litigation:                         0

## VII. *Compliance with Time Limits/Status of Pending Requests.*

### A. **Median processing time for requests processed during the year:**

1. Simple requests (if multiple tracks used).

   a. number of requests processed:          529

   b. median number of days to process:        20

2. Complex requests (specify for any and all tracks used).

   a. number of requests processed:            0

   b. median number of days to process:         0

3. Requests accorded expedited processing.

   a. number of requests processed:             1

   b. median number of days to process:        10

### B. **Status of pending requests:**

1. Number of requests pending as of end of current fiscal year:  51

2. Median number of days that such requests were pending as of that date:  16 days

## VIII. *Comparisons with Previous Year(s) (Optional).*

### A. Comparison of number of requests received:

549 in FY-06 vs. 609 in FY-05, a 10% decrease.

### B. Comparison of number of requests processed:

530 in FY-06 vs. 608 in FY-05, a 13% decrease.

### C. Comparison of median number of days requests were pending as of the end of fiscal year:

16 days in FY-06 vs. 10 days in FY-05, a 60% increase.

D. Other statistics significant to agency:

   Number of requests for expedited processing received:   4
   Number of requests for expedited processing granted:    1
   Number of requests for expedited processing w/drawn:  3

E. Other agency efforts to improve timeliness of FOIA performance and to make records available to the public:

   Provides reports to management on the status of requests in an effort to heighten management awareness of pending cases.

   Updated list of FCC credit card holders on internet.

   Enhanced accessibility of FOIA information to staff to assist in the processing of FOIAs.

## IX. *Costs/FOIA Staffing.*

### A. **Staffing Levels:**

1. Number of full-time FOIA personnel:  6

2. Number of personnel with part-time or occasional FOIA duties (in work years):   12.67

3. Total number of personnel (in work years):  approx. 18.67

### B. **Total costs (including staff and all resources):**

1. FOIA processing (including appeals):      $1,911,378

2. Litigation-related activities (estimated):      $0

3. Total costs:      $1,911,378

4. Comparison with previous year(s) (including percentage of change): $1,911,378 in FY 06 vs. 1,270,635 in FY-05, a 50% increase.[1]

## X. **Fees:**

A. Total amount of fees collected by agency for processing requests:

---

[1] The total cost for FY-2006 is significantly higher than the previous fiscal year because the Commission converted former part-time positions to full-time use for FOIA matters and increased the number of part-time personnel in FOIA activities.

For FY-2006, the Commission collected:

Search and Review Fees: $ 12,562.66
Copying fees: $ 1,317.22
TOTAL: $ 13,879.88

**B. Percentage of total costs:  0.72%**

XI. *FOIA regulations (including Fee Schedule).*

See 47 CFR §§ 0.441 – 0.470.

**XII. Report on FOIA Executive Order Implementation.**

**A.** Description of supplementation/modification of agency improvement plan (if applicable).  Not applicable.

**B.** Report on agency implementation of its plan, including its performance in meeting milestones, with respect to each improvement area.

The FCC committed to five areas of improvement in its Report on the FOIA Executive Order.

1. Reduction of the number of initial FOIAs not handled within the statutory time limit or extended time limit.

   In the FCC's Report under the Executive Order, the Commission stated that it would reduce the number of initial FOIAs not handled within the statutory time limit or extended time limit. The Commission stated that it would ensure that 85% of the FOIAs filed with the agency are processed within the statutory time permitted, the permitted extensions under the statute or by a time agreed to by the requesters.  The Commission stated that it would review the processing times for initial FOIAs at the end of FY-2006 and again at the end of FY-2007.  At the end of FY-2006, the Commission accomplished its goals by completing 85% of the 530 FOIAs processed within the statutory time limit or extended time limit.

2. Reduce the backlog of administrative applications for review.  The FCC committed to dispose of pending applications for review that were filed before December 31, 2005.

   In the FCC's Report under the Executive Order, the Commission stated that it would attempt to resolve all pending FOIA applications for review that were more than one year old by December 31, 2006. The Commission continues to work to resolve these pending matters. See Section XII.C., *infra.,* discussing applications for review.

8

3. Develop an acknowledgment process for FOIA requests.

The Commission stated in the Report under the Executive Order that it would develop an acknowledgement process for FOIA requests. The acknowledgement process was implemented late October 2006. After a FOIA is logged into the Commission's FOIA database, an acknowledgement notice is sent to the requester. The acknowledgement notice contains the FOIA control number assigned to the request and indicates the date the requester can expect a reply from the Commission.

4. Develop a FOIA Quick Fact Sheet.

In the FCC's Report under the Executive Order, the Commission stated that it would developed a FOIA Quick Fact Sheet and post it on its website. The FOIA Quick Fact Sheet has been developed and is on the Commission's webpage. See: http://www.fcc.gov/foia/quickfactsheet.pdf.

5. Revise the FCC FOIA Directive.

Pursuant to FCC's Report under the Executive Order, the Commission stated that it would revised it's internal FOIA Directive. The FOIA Directive has been revised and it available for internal staff use.

C. Identification and discussion of any deficiency in meeting plan milestones (if applicable).

The Commission was successful in fully accomplishing four of the five goals it set. In the FCC's Report under the Executive Order, the Commission indicated it would attempt to resolve all pending FOIA applications for review that were more than one year old by December 31, 2006. Decisions on applications for review must be presented to the full multi-member Commission for a vote. The Commission has resolved all but two FOIA proceedings that were filed more than one year before December 31, 2006. One involves three applications for review filed by the same requester, consolidated into one proceeding for disposition. The other involves two applications for review consolidated into one proceeding for disposition, and one of the FOIA requesters has filed a complaint in court for release of the records. The Commission is diligently working to resolve these pending matters.

D. Additional narrative statement regarding other executive order-related activities (optional). Not applicable.

E. Concise descriptions of FOIA exemptions.

Exemption 1, 5 U.S.C. § 552(b)(1) – Under this exemption, documents classified pursuant to Executive Order are exempt from disclosure under the FOIA. The FCC does not have direct classification authority. However, the FCC may have classified records that would be withheld under this exemption.

9

Exemption 2, 5 U.S.C. § 552(b)(2) – Under this exemption, internal matters of a relatively trivial nature, or more substantial internal matters that, if disclosed, would risk circumvention of a legal requirement, are exempt from disclosure under the FOIA.

Exemption 3, 5 U.S.C. § 552(b)(3) – This FOIA exemption permits the withholding of records that the FCC is specifically prohibited by other statutes from disclosing.

Exemption 4, 5 U.S.C. § 552(b)(4) – FOIA Exemption 4 permits the withholding of trade secrets and commercial or confidential information that is privileged or confidential. If a FOIA request is filed for such records, the submitter of the records will be given the opportunity to explain how it would be competitively harmed if the records were released. A corollary statute is the Trade Secrets Act, 18 U.S.C. § 1905, which prohibits unauthorized disclosure of all data protected by Exemption 4.

Exemption 5, 5 U.S.C. § 552(b)(5) – Under this exemption, inter-agency or intra-agency records, such as e-mail communications and drafts, may be withheld from the public. Exemption 5 includes such privileges and doctrines as the deliberative process privilege, the attorney-client privilege, and the attorney work product privilege.

Exemption 6, 5 U.S.C. § 552(b)(6) – This exemption protects the personal privacy of individuals. The personal privacy rights are weighed against the public's right to know the activities of the government when we make a determination whether to release such records.

Exemption 7, 5 U.S.C. § 552(b)(7) – This exemption protects six categories of law enforcement records. Subsection (A) protects from release records that could reasonably be expected to interfere with pending enforcement proceedings. Subsection (B) exempts from release records that would deprive a person of a right to a fair trial or impartial adjudication. Subsection (C), much like Exemption 6, protects from release records that could constitute an unwarranted invasion of personal privacy. Subsection (D) protects confidential sources. Subsection (E) protects records that would disclose law enforcement techniques and procedures. Subsection (F) protects from release records that could reasonably be expected to endanger the life or physical safety of an individual.

Exemption 8, 5 U.S.C. § 552(b)(8) – This exemption involves records pertaining to financial institutions.

Exemption 9, 5 U.S.C. § 552(b)(9) – This exemption involves geological and geophysical information.

**F.** Additional statistics:

1. Time range of requests pending, by date of request (or, where applicable, by date of referral from another agency).

   May 2, 2006 to January 30, 2007

2. Time range of consultations pending with other agencies, by date of initial interagency communication. None.

**G.** Attachment: Agency improvement plan (in current form).

FCC's improvement plan is located at:
http://www.fcc.gov/foia/2006improv_disclosure_report.pdf

12

# Exhibit B

**FEDERAL COMMUNICATIONS COMMISSION**
**FREEDOM OF INFORMATION ACT ANNUAL REPORT**
**FISCAL YEAR 2007**
**(October 1, 2006 to September 30, 2007)**

I. *Basic Information Regarding Report.*

    **A.** The Commission's contact person for questions about this report is Shoko B. Hair, Office of the Managing Director, Federal Communications Commission, Room 1-A827, 445 12th Street, S.W., Washington, D.C. 20554; Tel: 202-418-0440, Fax 202-418-0521; e-mail shoko.hair@fcc.gov.

    **B.** Electronic address for this report on the Commission's World Wide Web site: www.fcc.gov/foia/

    **C.** Paper copies can be requested from the person/address listed above.

II. *How to Make a FOIA Request.*

    **A.** To make a FOIA request pursuant to 47 C.F.R. § 0.461, you have several options: you may fill out the Electronic FOIA (E-FOIA) Request Form on the FCC's FOIA homepage, www.fcc.gov/foia/; you may e-mail your FOIA request to us at foia@fcc.gov; you may send your FOIA request by facsimile at (202) 418-0521; or you may mail an original and two copies of your request to Managing Director, Attention: FOIA Officer, Federal Communications Commission, 445 12th Street, SW, Room 1-A834, Washington, D.C. 20554. You should caption your request as "Freedom of Information Request," date your request, give us your telephone number and mailing address, and provide as much information as possible which can assist us in identifying and locating each document you are seeking. It is important that you include your telephone number so that our staff can contact you if they have questions. You are required to specify the maximum search fee that you are prepared to pay for this request. Also, please write "Freedom of Information Request" on the envelope. If you have any questions about how to file a FOIA request, contact us at (202) 418-0212 or fax your inquiry to us at (202) 418-0521.

    Appeals should be submitted to Matthew Berry, General Counsel, Office of General Counsel, Room 8-C750, Federal Communications Commission, 445 12th Street, SW, Washington, D.C. 20554. The application for review and the envelope containing it should be captioned "Review of Freedom of Information Action." A copy should also be served on the person (if any) who originally submitted the materials to the Commission.

    **B.** The average response time for initial requests in FY-2007 was 22.4 days. The average response time in FY- 2007 for Commission appeals was 540 days. The number was higher than in past years because the Commission resolved its five

oldest FOIA applications for review (including three that were pending for over three years). At the end of FY 2007, the Commission's unresolved FOIA applications for review were pending for an average of 128 days.

C.  Requests that are denied or partially denied usually fall under Exemptions 4, 5, 6 and/or 7. The type of information most often withheld involves confidential commercial and proprietary information (Exemption 4), interagency and intra-agency predecisional deliberative communications (Exemption 5), information deemed an unwarranted invasion of personal privacy (Exemption 6) and/or law enforcement type records (Exemption 7).

**III. *Definitions of Terms and Acronyms Used in this Report.***

A.  Agency-specific acronyms or other terms.

   None.

B.  Basic terms, expressed in common terminology.

   1.  <u>FOIA/PA Request</u> – Freedom of Information Act/Privacy Act request. A FOIA request is generally a request for disclosure of records concerning a third party, an organization or particular topic of interest. A Privacy Act request is a request for records covered by that Act concerning oneself; such requests are also treated as FOIA requests. (All requests for records, regardless of which law is cited by the requester, are included in this report.)

   2.  <u>Initial Request</u> – a request to FCC for records under the Freedom of Information Act.

   3.  <u>Appeal</u> – a request to FCC asking that it review at a higher administrative level a full denial or partial denial of a FOIA request, or any other FOIA determination, such as a matter pertaining to fees.

   4.  <u>Processed Request or Appeal</u> – a request or appeal for which FCC has taken a final action on the request or the appeal in all respects.

   5.  <u>Multi-track Processing</u> – the Commission does not utilize this system as the requests are forwarded to the appropriate Bureau or Office within the agency. If a requester has an urgent need for records, he or she may request expedited processing.

   6.  <u>Expedited Processing</u> – FCC will process a FOIA request on an expedited basis when a requester has shown an exceptional need or urgency for the records which warrants prioritization of his or her request over other requests that were made earlier.

2

7.   Simple Request – N/A, as FCC does not maintain a multi-track processing.

8.   Complex Request – N/A, as FCC does not maintain a multi-track processing. We do, however, inform requesters concerning the agency's progress in locating requested records. Sometimes a requester is asked if the request can be narrowed, or whether additional information can be provided to assist in locating requested records.

9.   Grant – FCC decision to disclose all records in full in response to a FOIA request.

10.  Partial Grant – FCC decision to disclose a record in part in response to a FOIA request, deleting information determined to be exempt under one or more of the FOIA exemptions; or a decisions to disclose some records in their entireties, but to withhold others in whole or in part.

11.  Denial – FCC decision not to release any part of a record or records in response to a FOIA request because all of the information in the requested records is determined by FCC to be exempt under one or more of the FOIA exemptions.

12.  Time Limits – the time period in the Freedom of Information Act for a Federal agency to respond to a FOIA request. For an initial FOIA request, an agency has 20 working days from proper receipt of a "perfected" FOIA request. This period may be extended by 10 working days.

13.  "Perfected" Request – a FOIA request for records which adequately describes the records sought, which has been received by FCC's FOIA Office, and for which there is no remaining question about the payment of applicable fees.

14.  Exemption 3 Statute – a Federal statute separate from FOIA prohibiting the disclosure of a certain type of information and authorizing its withholding under FOIA subsection (b)(3).

15.  Median Number – the middle, not average, number.

16.  Average Number – the number of obtained by dividing the sum of a group of numbers by the quantity of numbers in the group.

17.  Working Days – days, excepting Saturdays, Sundays and legal public holidays.

18. Records Destroyed -- when records are disposed of in accordance with agency's record retention schedule.

19. Dismissed – application for review dismissed on procedural grounds.

## IV. *Exemption 3 Statutes.*

A. List of Exemption 3 statutes relied on by the agency during the current fiscal year:  None.

## V. *Initial FOIA/PA Access Requests.*

### A. Number of initial requests.

1. Number of requests pending as of end of preceding fiscal year:  51

2. Number of requests received during current fiscal year:     546

3. Number of requests processed during current fiscal year:     547

4. Number of requests pending as of end of current fiscal year:     50

### B. Disposition of Initial Requests.

1. Number of total grants:     165

2. Number of partial grants:     209

3. Number of denials:     36

    a. number of times each FOIA exemption used (counting each exemption once per request):

| | |
|---|---|
| (1) Exemption 1: | 0 |
| (2) Exemption 2: | 25 |
| (3) Exemption 3: | 0 |
| (4) Exemption 4: | 35 |
| (5) Exemption 5: | 43 |
| (6) Exemption 6: | 175 |
| (7) Exemption 7(A): | 30 |
| (8) Exemption 7(B): | 0 |
| (9) Exemption 7(C): | 131 |
| (10) Exemption 7(D): | 1 |
| (11) Exemption 7(E): | 20 |
| (12) Exemption 7(F): | 0 |
| (13) Exemption 8: | 0 |

(14) Exemption 9:                    0

4. Other reasons for nondisclosure (total):   137
a. no records:                    55
b. referrals:                      2
c. request withdrawn:             40
d. fee-related reason:             5
e. records not reasonably described:  17
f. not a proper FOIA request for some other reason: 2
g. not an agency record:            9
h. duplicate request:              1
i. other (records routinely available):      6

## VI. *Appeals of Initial Denials of FOIA/PA Requests.*

### A. Number of appeals:

1. Number of appeals received during fiscal year:       24

2. Number of appeals processed during fiscal year:      19

### B. Disposition of appeals:

1. Number completely upheld:        7

2. Number partially reversed:        0

3. Number completely reversed:       0

a. number of times each FOIA exemption used (counting each exemption once per appeal): 7

(1) Exemption 1:              0
(2) Exemption 2:              1
(3) Exemption 3:              0
(4) Exemption 4:              2
(5) Exemption 5:              1
(6) Exemption 6:              1
(7) Exemption 7(A):           1
(8) Exemption 7(B):           0
(9) Exemption 7(C):           0
(10) Exemption 7(D):          0
(11) Exemption 7(E):          1
(12) Exemption 7(F):          0
(13) Exemption 8:             0
(14) Exemption 9:             0

5

4. Other reasons for nondisclosure (total):   12
a. no records:                                                        0
b. referrals:                                                         0
c.  request withdrawn:                                          6
d. fee-related reason:                                          1
e. records not reasonably described:                    0
f. not a proper FOIA request for some other reason:  1
g. not an agency record:                                      0
h. duplicate request:                                           0
i. other (specify): judicial litigation:                     3
                untimely:                     1

## VII. *Compliance with Time Limits/Status of Pending Requests.*

### A. **Median processing time for requests processed during the year:**

1.  Simple requests (if multiple tracks used).

    **a.** number of requests processed:                 541
    **b.** median number of days to process:             18

2.  Complex requests (specify for any and all tracks used).

    **a.** number of requests processed:                   0

    **b.** median number of days to process:              0

3.  Requests accorded expedited processing.

    **a.** number of requests processed:                   6

    **b.** median number of days to process:              5

### B. **Status of pending requests:**
1.  Number of requests pending as of end of current fiscal year:  50

2.  Median number of days that such requests were pending as of that date:  18 days

## VIII. *Comparisons with Previous Year(s) (Optional).*

### A. Comparison of number of requests received:

546 in FY-07 vs. 549 in FY-06, a .05% decrease.

### B. Comparison of number of requests processed:

547 in FY-07 vs. 530 in FY-06, a 3% increase.

C. Comparison of median number of days requests were pending as of the end of fiscal year:

18 days in FY-07 vs. 16 days in FY-06, a 12% increase.

D. Other statistics significant to agency:

Number of requests for expedited processing received:  19
Number of requests for expedited processing granted:   6
Number of requests for expedited processing denied,
withdrawn or not acted upon:                          13

E. Other agency efforts to improve timeliness of FOIA performance and to make records available to the public:

Provides reports to management on the status of requests in an effort to heighten management awareness of pending cases.

Updated list of FCC credit card holders on internet.

Enhanced accessibility of FOIA information to staff to assist in the processing of FOIAs.

Updated listing of frequently requested records.

## IX. *Costs/FOIA Staffing.*

A. **Staffing Levels:**

1. Number of full-time FOIA personnel:  5

2. Number of personnel with part-time or occasional FOIA duties (in work years):  12.13

3. Total number of personnel (in work years):  approx.  17.13

B. **Total costs (including staff and all resources):**

1. FOIA processing (including appeals):      $1,740,711.00

2. Litigation-related activities (estimated):     $ 17,836.16

3. Total costs:                              $1,758,547.16

7

    4. Comparison with previous year(s) (including percentage of change): $1,758,547 in FY -07 vs. 1,911,378 in FY-06, an 8% decrease.

**X. Fees:**

    **A.** Total amount of fees collected by agency for processing requests:

        For FY-2007, the Commission collected:

| | |
|---|---|
| Search and Review Fees: | $ 32,465.30 |
| Copying fees: | $   1,432.56 |
| TOTAL: | $ 33,897.86 |

    **B.** Percentage of total costs:  2%

**XI. *FOIA regulations (including Fee Schedule).***

        See 47 CFR §§ 0.441 – 0.470.

**XII. *Report on FOIA Executive Order Implementation.***

    **A.** Description of supplementation/modification of agency improvement plan (if applicable).

    Not applicable.

    **B.** Report on agency implementation of its plan, including its performance in meeting milestones, with respect to each improvement area.

    · The FCC is pleased to report that it has fulfilled most of its seven commitments to improve its FOIA request processing made in its Report on the FOIA Executive Order. Three of the commitments were fulfilled during FY 2006 and are not addressed here. During FY 2007, the FCC met its commitment to ensure that 85% of the FOIA requests filed with the agency were processed within the statutory time permitted, the permitted extensions under the statute, or the time agreed to by the requester. Also during FY 2007, the FCC fulfilled its commitment to resolve all pending applications for review (appeals) that were more than one year old. The FCC developed a FOIA Handbook during FY 2007, meeting that milestone. The FCC continues to work to ensure that it timely processes all initial FOIA requests and applications for review.

    **C.** Identification and discussion of any deficiency in meeting plan milestones (if applicable).

        *1. FOIA Improvement Plan area to which the deficient milestone relates.*  Updates and revisions to its FOIA implementing regulations.

*2. Deficient milestone and the original target date from the FOIA Improvement Plan.* In the FCC's Report under the Executive Order, the Commission indicated that by December 31, 2007, it expected to adopt updates and revisions to its FOIA implementing regulations.

*3. Steps taken to correct the deficiency and the dates by which the steps were completed.* In order to avoid twice amending our FOIA regulations, in December 2007 we decided to defer updating our FOIA regulations until FY-2008 so that we could issue one order updating our regulations as previously planned and implementing the new statutory changes to the FOIA made by the Openness Promotes Effectiveness in our National Government Act of 2007, Pub. L. No. 110-175 (2007).

*4. Future remedial steps and the dates by which the steps will be completed.* The Commission anticipates revising its FOIA regulations by December 31, 2008.

**D.** Additional narrative statement regarding other executive order-related activities (optional). Not applicable.

E. Concise descriptions of FOIA exemptions.

Exemption 1, 5 U.S.C. § 552(b)(1) – Under this exemption, documents classified pursuant to Executive Order are exempt from disclosure under the FOIA. The FCC does not have direct classification authority. However, the FCC may have classified records that would be withheld under this exemption.

Exemption 2, 5 U.S.C. § 552(b)(2) – Under this exemption, internal matters of a relatively trivial nature, or more substantial internal matters that, if disclosed, would risk circumvention of a legal requirement, are exempt from disclosure under the FOIA.

Exemption 3, 5 U.S.C. § 552(b)(3) – This FOIA exemption permits the withholding of records that the FCC is specifically prohibited by other statutes from disclosing.

Exemption 4, 5 U.S.C. § 552(b)(4) – FOIA Exemption 4 permits the withholding of trade secrets and commercial or confidential information that is privileged or confidential. If a FOIA request is filed for such records, the submitter of the records will be given the opportunity to explain how it would be competitively harmed if the records were released. A corollary statute is the Trade Secrets Act, 18 U.S.C. § 1905, which prohibits unauthorized disclosure of all data protected by Exemption 4.

Exemption 5, 5 U.S.C. § 552(b)(5) – Under this exemption, inter-agency or intra-agency records, such as e-mail communications and drafts, may be withheld from the public. Exemption 5 includes such privileges and doctrines as the deliberative process privilege, the attorney-client privilege, and the attorney work product doctrine.

9

Exemption 6, 5 U.S.C. § 552(b)(6) – This exemption protects the personal privacy of individuals. The personal privacy rights are weighed against the public's right to know the activities of the government when we make a determination whether to release such records.

Exemption 7, 5 U.S.C. § 552(b)(7) – This exemption protects six categories of law enforcement records. Subsection (A) protects from release records that could reasonably be expected to interfere with pending enforcement proceedings. Subsection (B) exempts from release records that would deprive a person of a right to a fair trial or impartial adjudication. Subsection (C), much like Exemption 6, protects from release records that could constitute an unwarranted invasion of personal privacy. Subsection (D) protects confidential sources. Subsection (E) protects records that would disclose law enforcement techniques and procedures. Subsection (F) protects from release records that could reasonably be expected to endanger the life or physical safety of an individual.

Exemption 8, 5 U.S.C. § 552(b)(8) – This exemption involves records pertaining to financial institutions.

Exemption 9, 5 U.S.C. § 552(b)(9) – This exemption involves geological and geophysical information.

**F. Additional statistics:**

1. Ten Oldest Pending FOIA Requests

| Calendar Year | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 |
|---|---|---|---|---|---|---|---|---|
| Requests | 0 | 0 | 0 | 0 | 0 | 0 | Nov 8 | Apr 17 |
| | | | | | | | | July 24 |
| | | | | | | | | Aug 29 |
| | | | | | | | | Oct 10 |
| | | | | | | | | Oct 25 |
| | | | | | | | | Oct 29 |
| | | | | | | | | Nov 13 |
| | | | | | | | | Nov 14 |
| | | | | | | | | Nov 14 |

a.) Number of Consultations Received, Processed and Pending

| Consultations Received From Other Agencies During FY07 | Consultations Received From Other Agencies That Were Processed by Your Agency During FY07 (includes those received prior to FY07) | Consultations Received From Other Agencies That Were Pending At Your Agency as of October 1, 2007 (includes those received prior to FY07) |
|---|---|---|
| 0 | 0 | 0 |

b.) Ten Oldest Pending Consultations Received From Other Agencies

| Calendar Year | 1999 | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 |
|---|---|---|---|---|---|---|---|---|---|
| Consults Received | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

**G.** Attachment: Agency improvement plan (in current form).

FCC's improvement plan is located at:
http://www.fcc.gov/foia/2006improv_disclosure_report.pdf

11

# Exhibit C



Federal Communications Commission
Washington, D.C. 20554

July 30, 2007

Clay Johnson, III
Chairman
President's Management Council
Office of Management and Budget
725 17th Street, NW
Washington, DC 20503

RE:     Updated Status Report - FOIA Improvement Plan

Dear Chairman Johnson:

Pursuant to the Attorney General's Second Report to the President Pursuant to Executive Order 13, 342, "Improving Agency Disclosure of Information" (June 1, 2007), an Updated Status Report is required when an agency reported a deficiency in meeting one or more milestones in its FOIA Improvement Plan.  In its FY06 Annual FOIA Report, the Federal Communications Commission (FCC) reported that is successfully met four of the five milestones set in its FOIA Improvement Plan.  The FCC has remedied the one deficiency previously reported and is now meeting all the milestones in its FOIA Improvement Plan.

1. **FOIA Improvement Plan area to which the deficient milestone relates.**  The sole deficient milestone identified in the FCC's FY06 Annual FOIA Report relates to the reduction of the backlog in FOIA applications for review.

2. **Identify the deficient milestone (including the original target date listed in the agency's FOIA Improvement Plan).**  In the FCC's Report under the Executive Order, the Commission stated that it would attempt to resolve all pending FOIA applications for review that were more than one year old by December 31, 2006.  At the time the FCC's FY06 Annual FOIA Report was filed, there were two FOIA application for review proceedings more than one year old (one involving three applications for review by the same requester, and the other involving two applications for review consolidated for disposition) pending at the FCC.  The FY06 Annual FOIA Report indicated the FCC was working to resolve the pending applications for review.

3. **Describe the specific steps taken to date to correct the deficiency, including the dates by which you completed these steps (this should include every corrective step listed in your FY06 Annual FOIA Report that you have since completed).**  The FCC believes that it is now in compliance with the milestone previously reported as deficient.  The FCC reached a decision on the three consolidated applications for review on March 21, 2007.  The other consolidated two applications for review are the subject of a complaint pending before the United States District Court for the District of Columbia.  The matter has been fully briefed before the court, and because the matter is within the court's jurisdiction, we believe no further administrative action by the FCC is appropriate.

Clay Johnson, III
Page 2

    4.  **Describe any additional steps that you will be taking in the future to correct the deficiency, including the dates by which you will complete these steps (this should include every corrective step listed in your FY06 Annual FOIA Report that you have not yet completed).**  As indicated, the deficiency previously reported has been resolved.  The FCC is now promptly processing FOIA applications for review so that no backlog develops.

    If you have any questions concerning this Updated Status Report, please do not hesitate to contact me.

                Sincerely,

                Samuel Feder
                General Counsel and
                Chief FOIA Officer

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPTEL, | ) |
| | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 06CV01718 (HHK) |
| | ) |
| v. | ) |
| | ) |
| Federal Communications Commission, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## [PROPOSED] ORDER

Upon consideration of COMPTEL's Motion for For An Order Directing

Defendant FCC To Issue A Decision Within 30 days, the oppositions thereto and all other

papers herein, it is hereby

**ORDERED** that COMPTEL's Motion is **GRANTED**; and it is further

**ORDERED** that within 30 days of the date of this order, Defendant FCC shall

resolve and issue a decision on Intervenor AT&T's application for review filed on

August 19, 2005.

Dated:_____, 2008          _____

                                           Henry H. Kennedy, Jr.
                                           United States District Judge
                                            for the District of Columbia