UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPTEL,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION,<br><br>        Defendant,<br><br>AT&T INC.,<br><br>        Intervenor Defendant. | Civil Case No. 06-1718 (HHK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO COMPTEL'S MOTION FOR AN ORDER DIRECTING THE FCC TO ISSUE A DECISION WITHIN 30 DAYS**

    Defendant Federal Communications Commission ("FCC" or "Agency") by and through its undersigned attorneys, respectfully submits this Opposition to COMPTEL's ("Comptel's") Motion for an Order Directing the FCC to Issue a Decision Within 30 Days, Docket Entry No. 33 ("Motion"). For the reasons stated herein, Comptel's Motion should be denied.

**PRELIMINARY STATEMENT**

    Comptel did not oppose AT&T's motion to intervene in this litigation as a defendant. On summary judgment, however, Comptel argued that this Court lacked jurisdiction over AT&T's reverse-FOIA claims because the Agency had yet to issue a final decision on AT&T Inc.'s administrative appeal ("AT&T's Appeal") of the initial FOIA decision of the FCC Enforcement Bureau's Investigations and Hearing Division. *See* Comptel Opp. to AT&T MSJ at 3-6, Docket Entry No. 25. The Court concluded in its March 5, 2008 Memorandum Opinion and Order ("Order") that it could not address AT&T's claims because there had not yet been final agency

action on AT&T's Appeal, and that the interests of judicial economy and efficiency warranted staying this action "until there is a final agency action on" that appeal. *See* Order at 6-7.[1] Comptel now seeks to compel the Agency to decide AT&T's Appeal within thirty days. For a number of reasons, Comptel's Motion should be denied.

*First*, this Court lacks jurisdiction to compel the relief that Comptel seeks. Comptel's Motion is essentially a request for a writ of mandamus that seeks to compel the FCC to take final action on a matter that Comptel believes has been subject to unreasonable delay. The action that Comptel seeks to compel -- issuance of a decision on AT&T's Appeal -- is a Commission order. Pursuant to statute, a Commission order can be reviewed only by a U.S. Court of Appeals. Where, as here, a statute commits review of final agency action directly to the Court of Appeals, any suit seeking relief, such as mandamus, that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals. This Court, therefore, lacks jurisdiction to compel the Commission to issue an Order resolving AT&T's Appeal, because that Order could affect the Court of Appeals' future jurisdiction.

*Second*, even assuming that this Court has the authority to compel the action that Comptel seeks, Comptel's Motion should be denied because it is unsupported by any pertinent legal authority; there has been no unreasonable delay; and the Court's decision to stay this case was prudent. Comptel devotes substantially all of its Motion to reiterating assertions that the Agency failed to process *Comptel's* FOIA appeal within the statutory time limits. As the Court concluded, however, the reverse-FOIA claims set forth in AT&T's Appeal are governed by the Administrative Procedures Act, 5 U.S.C. § 706(2)(A) ("APA") -- not FOIA -- and the Court stayed this action until the Agency took final action on AT&T's Appeal -- not Comptel's FOIA

---

[1] The Court disagreed with Comptel that the basis for its inability to consider AT&T's claims was jurisdictional. *See* Order at 5, n.7.

appeal.² The only legal authorities cited in Comptel's Motion address stays under FOIA and *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976). *See* Motion at 2-7. These authorities, however, are inapposite. The Court stayed this action based upon its inherent power and in the "interests of judicial economy and efficiency" -- not pursuant to FOIA or *Open America*. *See* Order at 6. Indeed, *Open America* is not applicable where, as here, a stay was issued to allow an Agency to decide an appeal that is governed by the APA.

Moreover, the relief that Comptel seeks is unwarranted because there has been no unreasonable delay. Plaintiff could, at most, only seek to compel agency action if such action were unreasonably delayed. In this case, however, the Commission has acted reasonably in addressing AT&T's Appeal. Once Comptel initiated the instant civil action and AT&T intervened to assert the same arguments it had raised with the Commission, the Agency suspended its review of AT&T's Appeal in deference to this Court's proceedings. Once the Court decided to stay this action pending the Commission's disposition of AT&T's Appeal, however, the Commission resumed its review and it is expected that the Commission will act in a timely fashion on AT&T's appeal. The Commission's actions were clearly reasonable under the circumstances, and thus, Plaintiff's Motion should be denied.

Lastly, contrary to Comptel's implicit suggestions to the contrary, the Court's decision to stay this case pending final agency action on AT&T's Appeal was prudent. Allowing the Commission to issue a final order on AT&T's Appeal serves the interests of judicial economy and efficiency because it allows the parties to review the final administrative action before

---

² Recognizing Comptel's choice to treat its FOIA appeal as constructively denied, the Agency halted its processing of Comptel's FOIA appeal. Contrary to Comptel's assertions, further processing of Comptel's FOIA appeal after Comptel sought judicial review of the Agency's initial decision on its FOIA request would have been a needless waste of Agency resources, as this Court has superior authority to hear Comptel's complaints regarding the Agency's FOIA response. In sum, Comptel should not be permitted to treat its FOIA appeal as denied, and then complain that the Agency treated it in the same manner.

deciding whether, and if so how, to proceed in this litigation, thus preserving judicial resources. Further, Comptel has failed to explain any manner in which it will be prejudiced by the Court's decision or to provide any evidence in support thereof. Indeed, the Court specifically concluded that Comptel would not be prejudiced by the stay (*see* Order at n.10), and Comptel does not seek reconsideration of that Order.

## PROCEDURAL HISTORY

### I. COMPTEL MAKES ITS FOIA REQUEST, WHICH AT&T OPPOSES.

On April 4, 2005, Comptel filed a FOIA request with the FCC seeking documents relating to an investigation of SBC Communications, Inc. (n/k/a AT&T Inc.), File No. EB-04-IH-0342, which concerned alleged violations by AT&T of FCC rules and orders regarding the schools and libraries universal service support mechanism, also known as the E-Rate program. *See* Compl. at ¶ 1; FCC's Stmt. of Mat. Facts as to Which There Is No Genuine Issue, filed 02/12/2007, Docket Entry No. 21 ("FCC Fact Stmt.") at ¶¶ 1-2. By letter dated May 27, 2005, AT&T opposed the release of records sought by Comptel's FOIA Request. *See* FCC Fact Stmt. at ¶ 6. On June 28, 2005 Comptel submitted a reply to AT&T letter opposition. *See id.* at ¶ 7.

### II. AT&T AND COMPTEL SEEK ADMINISTRATIVE REVIEW OF IHD'S DECISION.

On August 5, 2005, the FCC's Investigations and Hearings Division ("IHD") issued a decision on Comptel's FOIA Request, concluding that certain requested records should be released and others should be withheld from disclosure pursuant to certain FOIA exemptions. *See id.* at ¶ 8. Thereafter, on August 19, 2005, AT&T filed with the FCC an application for review (*i.e.*, an administrative appeal) of IHD's decision (*i.e.*, AT&T's Appeal). *See id.* at ¶ 9. On September 1, 2005, Comptel filed an opposition to AT&T's Appeal. *See id.* at ¶ 10.

Comptel also filed an administrative FOIA appeal of IHD's decision on September 6, 2005, which AT&T opposed on September 20, 2005. *See id.* at ¶¶ 11-12.

### III.    COMPTEL AND AT&T FILE CLAIMS WITH THIS COURT.

On October 5, 2006, over one year after filing its administrative FOIA appeal (in September 2005), Comptel instituted this action. *See* Compl., Docket Entry No. 1. On November 14, 2006, AT&T moved to intervene in this action as a defendant. Comptel did not oppose AT&T's motion, and the Court granted AT&T's motion to intervene on December 11, 2006. *See* Order of 12/11/2006, Docket Entry No. 13.

Given this action, the FCC treated Comptel's administrative FOIA appeal as constructively denied because this Court possessed jurisdiction over Comptel's claims in this action. Out of deference to the Court's authority and in the interest of administrative efficiency and judicial economy, the Agency also suspended its consideration of AT&T's Appeal.

On February 12, 2007, all three parties moved for summary judgment.

### IV.    THE COURT RULES ON THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT, STAYING THIS ACTION.

On March 5, 2008, the Court issued its Order, dismissing the parties' motions for summary judgment without prejudice and staying this action. The Court concluded that although it could rule on Comptel's and the FCC's motions for summary judgment, the "interests of judicial economy and efficiency dictate that the court deny the motions for summary judgment and *sua sponte* stay the action until the FCC rules on AT&T's Appeal." *Id.* at 6. In support of its conclusion, the Court explained that AT&T's claim was a "reverse FOIA" claim, which is properly addressed under the APA, not FOIA. Order at 4. Because the Agency had not yet issued a final decision with respect to AT&T's Appeal, AT&T was therefore unable to properly seek judicial review of its "reverse FOIA" claims. *Id.* at 5. The Court explained further that, in

light of the foregoing, "there is no reason to believe that awaiting resolution of AT&T's intra-agency appeal will prejudice Comptel," and "the court is hesitant to permit Comptel's ability to seek judicial review to prejudice AT&T's interest in the documents." *Id*. at n. 10.

## V. FOLLOWING THE COURT'S RULING, THE FCC RENEWS ITS REVIEW OF AT&T'S APPEAL.

Although the Agency suspended its review of AT&T's Appeal in deference to this Court's authority during the pendency of this action,[3] in light of the Court's stay decision, Commission staff has circulated a draft order to its Chairman and four commissioners that would dispose of the AT&T Appeal. It is expected that the Commission will act in a timely fashion on AT&T's appeal.

## ARGUMENT

### I. THIS COURT LACKS JURIDICTION TO COMPEL FINAL AGENCY ACTION ON AT&T'S APPEAL.

This Court lacks jurisdiction to compel the relief that Comptel seeks. The Commission would act on AT&T's application for review by means of a Commission order.[4] *See* 47 U.S.C. § 155(c)(4) (providing in pertinent part that applications for review "shall be passed upon by the Commission"); 47 C.F.R. § 0.467(g) (delegating initial action on FOIA requests to the Bureau or Office that is the custodian of the records requested); *see also, e.g.*, *In the Matters of Ameritech Corp. Tel. Operating Cos.' Continuing Property Records Audit et al.*, Memorandum Opinion and Order, CC Docket No. 99-117, 15 FCC Rcd 1784 (1999) (example of a Commission Order concerning an application for review). Under Section 2342 in chapter 158 of Title 28 (also known as the Hobbs Act), "[t]he court of appeals . . . has exclusive jurisdiction to enjoin, set

---

[3] The FCC FOIA reports and letters cited in Comptel's Motion (*see* Motion at 3-5) do not paint a different picture. These reports and letters are entirely consistent with the facts set forth herein concerning its treatment of Comptel's FOIA appeal and AT&T's Appeal.

[4] Such orders are typically decided by vote of the FCC's Chairman and each of its four Commissioners.

aside, suspend (in whole or in part), or to determine the validity of - (1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47." 28 U.S.C. § 2342; *see also* 47 U.S.C. § 402(a) (making reviewable "[a]ny proceeding to enjoin, set aside, annul or suspend any order of the Commission under this Act (except those appealable under subsection (b) of this section).").[5] Accordingly, the courts of appeals have exclusive jurisdiction, absent another statutory scheme, to review final decisions of the FCC under the APA. *See, e.g.*, *In re FCC*, 217 F.3d 125, 139 (2nd Cir. 2000) ("[e]xclusive jurisdiction to review the FCC's regulatory action lies in the courts of appeals"); *Bywater Neighborhood Ass'n v. Tricarico*, 879 F.2d 165, 167 (5th Cir. 1989) ("in suits against [the FCC], special rules apply … which vest exclusive jurisdiction over appeals from the FCC's final orders in the respective circuit court of appeals, and, in the case of licensing decisions, in the District of Columbia Circuit alone"); *Wilson v. A.H. Belo Corp.*, 87 F.3d 393, 396 (9th Cir. 1996) ("parties seeking to challenge the validity of FCC orders must do so through actions in the circuit courts").

Based upon this "special rule," any challenge by AT&T to an FCC Order on its appeal -- which this Court has held is governed by the APA, not FOIA -- must be brought in the Court of Appeals. Moreover, where, as here, "a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals." *Telecomm. Research & Action Ctr. Et al. ("TRAC") v. FCC*, 750 F.2d 70, 75 (D.C. Cir. 1984). In other words, "[b]ecause the District Court has no present or future jurisdiction over agency actions assigned by statute to appellate

---

[5]   47 U.S.C. § 402(b) narrows review jurisdiction over certain agency actions even further. It provides that certain agency proceedings, not at issue in this case, are appealable only in the Court of Appeals for the District of Columbia.

court review, it can contemplate no exercise of jurisdiction that mandamus might aid." *Id*. at 78 (citations omitted).

In *TRAC*, the D.C. Circuit addressed nearly the identical question raised in Comptel's Motion. "The plaintiffs in *TRAC* filed a petition alleging unreasonable delay and seeking a writ of mandamus to compel action by the Federal Communications Commission. . . . Addressing the jurisdictional issue . . ., the court held that the claims of unreasonable delay . . . were subject to the exclusive review of the court of appeals because the resolution of those claims could affect the court's future jurisdiction over final agency action." *Pub. Utility Comm'r of Or. v. Bonneville Power Admin.*, 767 F.2d 622, 626 (9th Cir. 1985), *citing TRAC*, 750 F.2d at 75. Accordingly, the Court lacks jurisdiction to compel the relief that Comptel seeks.

## II.    COMPTEL'S MOTION IS OTHERWISE UNTENABLE.

### A.    Comptel Fails to Provide Any Legal Authority to Support its Motion.

Assuming *arguendo* that this Court had jurisdiction over Comptel's motion, it should reject it as legally unsupported. In particular, Comptel's lengthy discussion of *Open America* and FOIA's stay provision is irrelevant to this action.

Comptel is correct that the FOIA provision at Section 552(a)(6)(C)(i) of Title 5, permits a court to enter a stay to allow an Agency to conclude its processing of a FOIA request or appeal (*i.e.*, an "*Open America* stay"). 5 U.S.C. § 552(a)(6)(C)(i); *see also Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976). However, that provision has no applicability here because the Court did not rely upon FOIA's stay provision or *Open America* in issuing its *sua sponte* stay in this action. Rather, the Court stayed this action pursuant to its "broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *Fairview Hosp. v. Leavitt*, Civ. A. No. 05-1065 (RWR), 2007 WL 1521233, at *1 (D.D.C. May 22, 2007) (granting motion to stay proceedings), *citing Marsh v.*

*Johnson,* 263 F. Supp. 2d 49, 52 (D.D.C. 2003) (Urbina, J.), *and McSurely v. McClellan,* 426 F.2d 664, 671 (D.C. Cir. 1970) ("[T]he District Court has a broad discretion in granting or denying stays so as to coordinate the business of the court efficiently and sensibly.") (internal quotations omitted). The Court's general "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Leavitt*, 2007 WL 1521233, at *1, *citing Landis v. N. Am. Co.*, 229 U.S. 248, 254 (1936). "Indeed, a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Ams.*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) (Urbina, J.) (granting motion to stay action).

The foregoing is evidenced by the Court's conclusion that the "interests of judicial economy and efficiency dictate that the court deny the motions for summary judgment and *sua sponte* stay the action until the FCC rules on AT&T's Appeal." Order at 6. The Court, thus, stayed this action pursuant to its broad general authority, not pursuant to the specific FOIA provision or *Open America*. Order at 6. Moreover, *Open America* and the FOIA stay provision are inapposite, as the Court stayed this action pending AT&T's Appeal governed by the APA -- not to allow the Agency to finish processing any FOIA request or administrative FOIA appeal. *See* Order at 4-5. Accordingly, Comptel cites only inapposite authority in support of its Motion.

### B.    The Commission Has Acted and Continues to Act Reasonably in Addressing AT&T's Appeal.

Comptel suggests that the Agency has not acted reasonably because (i) Comptel has yet to receive any documents despite filing its FOIA request in April 2005 and this action in October 2006; (ii) the FCC has determined that the parties' applications for review are no longer pending;

(iii) the FCC is in "no hurry" to resolve AT&T's Appeal; and (iv) unless the Court compels the FCC to issue a decision within 30 days the FCC will be able to avoid judicial review altogether. *See* Motion at 5-6.  These assertions, however, are without merit.

Under the APA (and in a court with jurisdiction) Comptel may, at most, seek to compel agency action only if it has been unreasonably delayed.  *See* 5 U.S.C. § 706(1) ("To the extent necessary to decision and when presented, the reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed[.]").  Further, "[r]esolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstances."  *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003). Especially given the particular facts and circumstances of this case, there has been no unreasonable delay.

As noted above, once Comptel initiated this action, out of deference to this Court's authority, and in the interests of judicial efficiency and economy, the Agency suspended its review of both Comptel's and AT&T's applications for review.  Since receiving the Court's Order on March 5, 2008, however, the Agency has taken reasonable steps to recommence its review of AT&T's Appeal as noted above.  In particular, a draft order addressing AT&T's Appeal has now been circulated to the Commission, and it is expected that the Commission will act in a timely fashion on that appeal.  Given how briefly this draft order has now been pending before the Commission, there has clearly been no unreasonable delay in this case.  *See generally Beyond Pesticides / Nat'l Coal. Against the Misuse of Pesticides v. Johnson*, 407 F. Supp. 2d 38, 41 (D.D.C. 2005) (Leon, J.) (four year delay in ruling on EPA petitions regarding pesticides was reasonable "notwithstanding EPA's slow, but deliberate, pace during the reregistration process"); *Public Citizen v. U.S. Dep't of Health & Human Servs.*, 632 F. Supp. 220, 226 (D.D.C. 1986)

(delays of 29 months and 17 months were not unreasonable delays).  Based upon the foregoing, the Agency has acted and continues to act in a reasonable fashion to resolve AT&T's Appeal.[6]

### C. The Court's Stay Was a Prudent Measure.

Lastly, Comptel's attempt to indirectly challenge the Court's stay should be rejected.  In this case, the Court's decision to stay this case was prudent.  Allowing the Agency to consider and decide AT&T's Appeal will allow the parties to consider and analyze their next steps in light of such a decision, before further litigating this matter in court, if necessary.  As this Court recognized, the Commission's decision on AT&T's Appeal may affect the positions of AT&T, the Commission, and/or Comptel in further litigating this matter.  Moreover, as noted above, Comptel has failed to support its claims of prejudice, which this Court previously rejected in its Order.  *See* Order at n. 10.

\* \* \*

---

[6]  Comptel's professed desire to quickly resolve the issues in this action is contradicted by its past conduct. For example, Comptel waited more than a year to institute this action after it could have done so under FOIA.

## **CONCLUSION**

For the reasons stated above, Comptel's motion for an order directing the FCC to issue a decision within 30 days should be denied.

Dated: April 7, 2008
       Washington, DC

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPTEL,<br><br>       Plaintiff,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION,<br><br>       Defendant,<br><br>AT&T INC.,<br><br>       Intervenor Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 06-1718 (HHK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Comptel's Motion for an Order Directing the FCC to Issue a Decision Within 30 Days, and the opposition thereto, it is hereby:

ORDERED that Comptel's motion is DENIED.

_____                             _____
Date                                                              HENRY H. KENNEDY, JR.
                                                                                   United States District Judge

Copies to Counsel of Record Via ECF